UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONGGUK UNIVERSITY, | ) | |
| | ) | Case No. 3:08cv00441 (RNC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YALE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | May 14, 2008 |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### MOTION FOR EXTENSION OF TIME

This reply is submitted by plaintiff Dongguk University ("Dongguk") in response to defendant Yale University's ("Yale") request for an additional 14 day extension. For the reasons set forth below, Yale, which has already been granted a 30 day extension, should not be granted the requested extension.

On May 8, 2008, Yale served its Motion to Stay Discovery. As explained in Yale's Motion, the discovery in this case should be stayed because Yale would "promptly" be filing a motion to dismiss all of the claims asserted in the Complaint. Simultaneously with the filing of its Motion to Stay Discovery, Yale requested a pre-filing conference in connection with its proposed Motion to Dismiss.

Under the Local Rules of Civil Procedure, Dongguk must respond to Yale's Motion to Stay Discovery by May 29, 2008. As set forth in Yale's Motion to Stay Discovery, one of the essential elements that must be determined is whether the defendant seeking the stay had made "a strong showing" that the plaintiff's claims are "unmeritorious." *Computer Associates International Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007). As the courts of this state have recognized, it is virtually impossible to determine whether a motion to dismiss is

meritorious when the motion to dismiss has not yet been filed. *See, e.g., Lithgow v. Edelman,* 247 F.R.D. 61, 63 (D. Conn. 2007); *Waterbury Hospital v. U.S. Foodservice, Inc.,* 2007 U.S. Dist. LEXIS 7320, at 4 (D. Conn. Feb. 1, 2007).

If Yale's request for a fourteen day extension is granted, Yale would not have to file its motion to dismiss until May 28, 2008, one day before Dongguk's opposition memorandum of law is due in connection with the Motion to Stay Discovery. Therefore, Dongguk could not agree to a 14 day extension of time. If the requested extension is granted, Dongguk will be prejudiced in that it will not have sufficient time to analyze the motion to dismiss and explain to the Court why Yale's motion is not meritorious.

Moreover, Yale has not adequately explained why it needs an additional two weeks and why it cannot file its motion to dismiss "promptly" after the conference with Judge Martinez which is scheduled for Monday morning, May 19, 2008. Accordingly, Dongguk requests that Yale be required to file its motion to dismiss by the close of business on May 20, 2008 so that Dongguk will be able to address the "merit" of Yale's motion to dismiss when it responds to the Motion to Stay Discovery.

JACOBS, GRUDBERG, BELT, DOW & KATZ P.C.

By: _____
    Ira B. Grudberg, Esq., ct00178
    Jacobs, Grudberg, Belt, Dow & Katz P.C.
    350 Orange Street, P.O. Box 606
    New Haven, CT 06503
    Email: igrudberg@jacobslaw.com
    Phone: 203.772.3100 / Fax: 203.772.1691

Of Counsel:

Robert A. Weiner
Jin Yung Bae
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173-1922
(212) 547-5400

*Attorneys for Plaintiff, Dongguk University*

## CERTIFICATION

I hereby certify that the foregoing has been delivered via first class regular mail, postage prepaid, on this 15th day of May, 2008 to:

Felix J. Springer, Esq.
Day Pitney LLP-Htfd-CT
242 Trumbull Street
Hartford, CT  06103-1212

Howard Fetner, Esq.
Day Pitney LLP-NH
One Audubon Street
New Haven, CT  06511

_____
Ira B. Grudberg