UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DONGGUK UNIVERSITY,                        :   No. 3:08-CV-00441 (RNC)
                                           :
       Plaintiff,                         :
                                           :
v.                                         :
                                           :
YALE UNIVERSITY,                           :
                                           :
       Defendant.                         :   JULY 22, 2009
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PROTECTIVE ORDER

WHEREAS, Plaintiff Dongguk University ("Plaintiff") brought this action against Defendant Yale University ("Defendant") (collectively the "Parties"); and

WHEREAS, the Parties have commenced discovery and desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled;

IT IS THEREFORE STIPULATED, pending further Order of the Court, that the following shall apply to information, documents, and excerpts from documents supplied by the Parties to each other in connection with this action:

    1.    This Protective Order governs any document or other discovery material produced by any Party or non-party during the litigation, trial or any hearing, or submitted to the Court in this action.

    2.    For purposes of this Protective Order, either of the Parties may designate any discovery material including, but not limited to, documents, things, deposition exhibits, discovery requests, and responses thereto, and any other written, recorded, or graphic matter

("Discovery Material") as "Confidential" if such material contains non-public trade secrets, financial data, marketing or advertising data and plans, strategic or long-range plans, internal cost data, performance data, customer or vendor data, contracts and agreements with third parties, technological data and personal information protected under the privacy laws of the Republic of Korea, including but not limited to the Criminal Law, the Communication Secrecy Protection Law and the Act on Promotion of Use of Information and Communications Network and Protection of Information, or personal information protected under the privacy laws of the United States, including but not limited to the Family Educational Rights and Privacy Act.

    3.    Discovery Material designated by a Party as "Confidential" (hereinafter referred to as "Confidential Discovery Material") shall be labeled "CONFIDENTIAL."

    4.    Unless ordered by the Court, or otherwise provided for herein, Confidential Discovery Material will be held in confidence by the person receiving such information in accordance with the terms of this Protective Order and used by such person solely in connection with the action in which this Protective Order is issued.

    5.    If either of the Parties seeks to challenge the other Party's designation of certain Discovery Material as "Confidential," the following procedure is to be used:

        (a)    The receiving party must notify the producing party of its objection to any designation of "Confidential" in writing.

        (b)    The Parties shall then endeavor to resolve any such dispute informally and in good faith.

        (c)    In the event that the Parties are unable to resolve the dispute, either Party may apply to the Court on notice for a ruling as to whether the designation of "Confidential" is appropriate under the terms of this Protective Order.  The producing party shall have the burden of demonstrating that the "Confidential" designation is proper under this Protective Order.

      (d)      Where a "Confidential" designation is contested, the Parties shall continue to honor the designation under the terms of this Protective Order until the Court rules on the propriety of the designation.

6.      Nothing in this Protective Order operates to create an admission by any Party that Confidential Discovery Material disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the admissibility of all Confidential Discovery Material disclosed.

7.      Except as provided in Paragraph 8, Confidential Discovery Material shall not be disclosed to any person, except:

      a.      The requesting party and counsel of record ("Counsel");

      b.      Employees of such Counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts to the extent deemed necessary by Counsel;

      d.      Witnesses or such other persons that the Parties consent to in writing prior to the disclosure of Confidential Discovery Material or as the Court, upon application, may order; and

      e.      The Court and its employees.

8.      Confidential Discovery Material may be provided to employees of a Party and the persons identified in Paragraphs 7(c) and (d) only on the condition that prior to any such provision, each such person (i) shall sign an agreement to be bound by this Protective Order in the form attached hereto as Exhibit A or (ii) expressly agree on the record in a deposition, hearing, or trial in this action to be bound by the terms of this Protective Order.

9.      Subject to any further Order of the Court, in the event that either of the Parties intends to use at trial or in connection with a motion or any other purpose, the result of which would otherwise be a public disclosure of the other Party's Confidential Discovery Material, or a portion thereof, the submitting party shall, prior to such disclosure, make a motion on notice to

file the Confidential Discovery Material under seal.  The Parties agree to request that the Court implement appropriate measures to preserve the Confidentiality of the Confidential Discovery Material before it is disclosed at any hearing, trial, or other proceeding held in open court.

10. When Confidential Discovery Material is incorporated in a transcript of a deposition, hearing, or other transcribed proceeding, Counsel for the party claiming Confidentiality shall arrange with the Court Reporter to bind the Confidential portions of such transcript separately and to label such portion of the transcript as "CONFIDENTIAL," and any copies thereof shall be held in confidence as provided in this Protective Order.

11. At the conclusion of litigation, Counsel shall ensure that all Confidential Discovery Material obtained from the producing party, including all originals, copies, summaries, digests, synopses, and abstracts of any documents subject to this Protective Order contained in its files and/or provided to any expert, consultant or Party employee shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing party or certified by Counsel as destroyed.  This provision applies to Confidential Discovery Material provided by Counsel to any expert or consultant or to any Party employee.

12. The foregoing is entirely without prejudice to the right of either of the Parties to apply to the Court (i) for any further Protective Order relating to Confidential Discovery Material; (ii) for an Order compelling production of documents or information, or for modification of this Order; and (iii) for an Order seeking any other relief from the Court.

13. This Protective Order shall remain in force and effect and shall not be modified, superseded, or terminated except by express written consent of the Parties.

Dated: July 22, 2009

| PLAINTIFF DONGGUK UNIVERSITY | DEFENDANT YALE UNIVERSITY |
|---|---|
| By: /s/ Robert A. Weiner<br>Robert A. Weiner<br>Nathanael Kelley<br>McDermott Will & Emery LLP<br>340 Madison Avenue<br>New York, NY10173-1922<br>(212) 547-5400 (phone)<br>(212) 547-5444 (fax)<br>rweiner@mwe.com<br>nkelley@mwe.com | By: /s/ Howard Fetner<br>Felix J. Springer (#ct05700)<br>Howard Fetner (#ct26870)<br>Day Pitney LLP<br>242 Trumbull Street<br>Hartford, CT 06103<br>(860) 275-0100 (phone)<br>(860) 275-0343 (fax)<br>fjspringer@daypitney.com<br>hfetner@daypitney.com |

SO ORDERED

_____
U.S.D.J

## EXHIBIT A

     I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Dongguk University v. Yale University</u>, No. 3:08-CV-00441 (RNC), pending in the United States District Court for the District of Connecticut, have been designated as Confidential.  I have reviewed the terms of the Protective Order and I understand that such documents or information labeled "CONFIDENTIAL" are to be held in confidence, shall not be disclosed to any person who has not agreed to be bound by the terms of the Protective Order, and shall not be used for any purpose other than this litigation.

                                                                                                                          _____

                                                                                                                          (Signature)

Signatory's Name and Residence Address:

                                    _____

                                    _____

                                    _____

Signatory's Business Address:

                                    _____

                                    _____

                                    _____

## **CERTIFICATION**

  I hereby certify that on July 22, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                         /s/ Audrey Lu