UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DONGGUK UNIVERSITY,              :    No. 3:08-CV-00441 (RNC)
                                 :
           Plaintiff,            :
                                 :
     v.                          :
                                 :
YALE UNIVERSITY,                 :
                                 :
           Defendant.            :    DECEMBER 2, 2009
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## SUR-REPLY MEMORANDUM IN OPPOSITION TO DONGGUK UNIVERSITY'S MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant Yale University ("Yale") respectfully submits this sur-reply memorandum in opposition to Plaintiff Dongguk University's ("Dongguk") Motion for Leave to Amend the Complaint.

Yale submits this sur-reply memorandum solely in order to respond to Dongguk's entirely new argument and to correct several misstatements of fact in Dongguk's reply memorandum in support of its motion for leave to amend the Complaint ("Reply Mem."). Dongguk improperly makes a new argument in its reply brief that does not address Yale's opposition brief, asserting for the first time that its motion for leave to amend the Complaint bears some unexplained connection to a potential future certification of questions of state law to the Connecticut Supreme Court. Tellingly, however, Dongguk has not denied the argument that Yale did make – i.e., that disseminating the proposed Amended Complaint to the media was Dongguk's actual reason for seeking leave to amend the Complaint.

The only reason that Dongguk has presented for seeking leave to amend its Complaint – "the possibility that the pleadings will be submitted to the Connecticut Supreme Court" (see

Reply Mem. at 2) – is both a stark violation of Local Rule 7(d) and a non sequitur to boot. Under Local Rule 7(d), a reply brief "must be strictly confined to a discussion of matters raised by the responsive brief." D. Conn. L. Civ. R. 7(d). Dongguk's sole argument in support of its motion for leave to amend – that legal issues involved in this case may be certified to the Connecticut Supreme Court after the close of discovery – violates Rule 7(d) because it does not discuss any matters raised in Yale's opposition brief, or even in Dongguk's perfunctory initial brief in support of its motion for leave to amend the Complaint. To the contrary, Dongguk's reply brief is the first mention of this argument, or anything like it. Moreover, Dongguk's sole argument is a non sequitur because developing a factual record has no connection to incorporating that record in an amended complaint. Dongguk has not explained, because it cannot explain, how its proposed Amended Complaint has any connection whatsoever to the possibility that the Court might "revisit the legal sufficiency of the claims after discovery." (See Reply Mem. Ex. 1 at 10.) Clearly, Dongguk need not amend its Complaint in order for the Court to certify questions to the Connecticut Supreme Court in connection with a summary judgment motion after the close of discovery.

     Yale must also correct several blatant misstatements of fact in Dongguk's reply memorandum. First, contrary to Dongguk's false assertion (Reply Mem. at 8), the *New York Times* and *Korea Herald* articles attached to Yale's memorandum of law in opposition to Dongguk's motion ("Yale Mem.") both specifically mentioned Dongguk's proposed Amended Complaint. (See Ex. A to Yale Mem. ("A Korean college said Monday it has filed additional complaints against Yale University . . . ."); Ex. B to Yale Mem. ("earlier this month Dongguk filed new papers with potentially embarrassing internal e-mail messages . . .").) Dongguk's assertion to the contrary is simply false.

Second, contrary to Dongguk's false assertion (Reply Mem. at 8), the statement from Tom Conroy quoted in the *New York Times* is completely true.  Indeed, Dongguk has admitted that its chairman was convicted of requesting and receiving a government subsidy.  Moreover, contrary to another of Dongguk's false assertions, Dongguk is well aware that its chairman's well-publicized corruption is at the heart of this case.  Dongguk has placed its supposed reputation for "morality" at issue (see Compl. ¶ 159), and Dongguk's claims will require it to prove that a Yale administrator's innocent mistake somehow harmed that reputation more than the criminal conviction of Dongguk's chairman.

Third, contrary to Dongguk's false assertions (Reply Mem. at 8-9), Yale's attorneys made no statements to the *Yale Daily News* in connection with Yale's motion to dismiss, or at any other time.  Rather, the *Yale Daily News* article upon which Dongguk bases its false assertions simply quoted passages from Yale's brief in support of its motion to stay discovery. (See Ex. 4 to Reply Mem.; Mem. of Law in Supp. of Mot. to Stay Disc. (Dkt. # 13) at 1 ("a scandal involving fraud, embezzlement, an illicit relationship, and political corruption"), 2 ("Yale's motion to dismiss will likely dispose of the entire case").)  As Yale informed Dongguk's attorneys the last time they made this false assertion, Attorney Springer has never spoken to the *Yale Daily News* in connection with this case.

For the foregoing reasons, Yale respectfully requests that the Court deny Dongguk's motion for leave to amend the Complaint.[1]

---

[1] Yale does not object to Dongguk's withdrawal of its breach of contract claim, but it does object to the prolix proposed Amended Complaint in which Dongguk has sought to effect that withdrawal.

       DEFENDANT YALE UNIVERSITY

By:   /s/ Howard Fetner
   Felix J. Springer (#ct05700)
   Howard Fetner (#ct26870)
   Day Pitney LLP
   242 Trumbull Street
   Hartford, CT 06103
   (860) 275-0100 (phone)
   (860) 275-0343 (fax)
   fjspringer@daypitney.com
   hfetner@daypitney.com

   Its attorneys

## **CERTIFICATION**

      I hereby certify that on December 2, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                             /s/ Howard Fetner