# EXHIBIT 36

# DAY PITNEY LLP

BOSTON  CONNECTICUT  NEW JERSEY  NEW YORK  WASHINGTON, DC

FELIX J. SPRINGER
Attorney at Law

242 Trumbull Street
Hartford, CT 06103
T: (860) 275 0184  F: (860) 881 2462
fjspringer@daypitney.com

January 12, 2010

**VIA E-MAIL AND REGULAR MAIL**

Robert A. Weiner, Esq.
McDermott Will & Emery
340 Madison Avenue
New York, NY 10173-1922

Re:   Dongguk University v. Yale University, No. 3:08-CV-00441 (RNC)

Dear Bob:

I write in response to your January 8 letter regarding the confidentiality of the upcoming depositions and Audrey Lu's January 8 letter regarding Dongguk's responses to Yale's Second Set of Interrogatories.

First, as I stated in my letter of January 7, we have designated the entirety of the three upcoming depositions "Confidential." As you know, and as evidenced by Dongguk's Complaint, proposed Amended Complaint, and written discovery requests, this case involves the inner workings of Yale University, including the Yale's Office of the General Counsel and the Yale Graduate School of Arts and Sciences. I do not understand how you could fail to appreciate the confidential nature of the issues at the heart of this case. Since you have designated "Confidential" nearly all of the documents that you have produced in this litigation, including even documents that were distributed to the public (see, e.g., DONGGUK0313440-DONGGUK0314170) and documents containing no substantive information whatsoever (see, e.g., DONGGUK0310414-DONGGUK0310580), I am particularly baffled by your failure to appreciate the confidential nature of the sensitive subjects that will undoubtedly be discussed at the upcoming depositions.

As you know, Dongguk has demonstrated a willingness to broadcast Yale's confidential information to the media. We wish to ensure that Dongguk does not do so again. If you would like to discuss your objection to our "Confidential" designation, I would be happy to do so.

Second, your continued refusal to answer Interrogatory 1 of Yale's Second Set of Interrogatories is unacceptable. Since you have repeatedly refused to provide any substantive response to this Interrogatory, and since you have repeatedly ignored our offers to compromise

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
January 12, 2010
Page 2

on the scope of the requested information, it appears that we have no choice but to file a motion to compel. Nevertheless, in a further effort to avoid having to raise this issue with the court, we would like to have a second meet and confer telephone conference. Please let us know immediately when you are available to talk this week, so we can proceed with obtaining an answer to this Interrogatory as expeditiously as possible.

Sincerely,

*Felix*

Felix J. Springer

cc:  Ira Grudberg, Esq.