# EXHIBIT 37


# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

FELIX J. SPRINGER
Attorney at Law

242 Trumbull Street
Hartford, CT 06103
T: (860) 275 0184 F: (860) 881 2462
fjspringer@daypitney.com

January 22, 2010

**VIA E-MAIL AND REGULAR MAIL**

Robert A. Weiner, Esq.
McDermott Will & Emery
340 Madison Avenue
New York, NY 10173-1922

Re:   <u>Dongguk University v. Yale University, No. 3:08-CV-00441 (RNC)</u>

Dear Bob:

As I stated in my January 12 letter, your position with respect to Yale's designating the upcoming depositions "Confidential" baffles me. The issues that you no doubt plan to address in the depositions are confidential and are treated by Yale as such; you have not even argued otherwise. These issues include the inner workings of the Office of the General Counsel, the Graduate School of Arts and Sciences, and the Office of Public Affairs, the interaction of different branches of the university with one another and with the Office of the General Counsel, the assignment of work to the Office of the General Counsel, the procedures followed by that office, and the response to subpoenas. In any event, the issues that will be discussed in the depositions are undoubtedly far more confidential than the many thousands of pages of public and substance-free documents that you have designated "Confidential" in this litigation.[1] Though we do not believe any modification of the Protective Order is necessary, if you continue to assert that Yale's confidential information is not covered by the existing Protective Order, we would be willing to modify that order to remove any doubt.

Your assertion that, absent another court order, Dongguk is free to disclose the depositions of Yale witnesses to "the Korean public" is incorrect. As you know, we have designated the three scheduled depositions "Confidential." Under the Protective Order that has issued in this case, "Where a 'Confidential' designation is contested, the Parties shall continue to honor the designation under the terms of this Protective Order until the Court rules on the propriety of the designation." (Protective Order ¶ 5(d).) If you persist in your disregard of the Protective Order and of our "Confidential" designation, we will not go forward with the three

---

[1] We decline your invitation to undertake the time-consuming task of cataloging the many thousands of pages of public and substance-free documents — which could not possibly be covered by any "privacy laws" — that you have designated "Confidential."

# DAY PITNEY LLP

Robert A. Weiner, Esq.
January 22, 2010
Page 2

scheduled depositions. If you want to challenge our "Confidential" designation with the court, you are of course free to do so. Absent a court order overruling our "Confidential" designation, however, we expect you and your client to abide by the Protective Order, and we will seek sanctions for any disclosure of material that we have designated "Confidential."

Turning to Interrogatory 1 in our Second Set of Interrogatories, your failure to offer any defense of your invocation of Rule 33(d) speaks volumes. As I have indicated in my previous correspondence, we are eager to obtain an answer to Interrogatory 1. Since you have indicated that you will be out of the office until Tuesday, please let me know when you are available to talk on Tuesday.

Sincerely,

Felix Springer /HF
Felix J. Springer

cc:   Ira Grudberg, Esq.