# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONGGUK UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY,<br><br>        Defendant. | Civil Action No. 3:08-CV-00441-RNC |

## PLAINTIFF DONGGUK UNIVERSITY'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT YALE UNIVERSITY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Dongguk University ("Dongguk"), through its attorneys, McDermott, Will & Emery LLP, and by Jacobs, Grudberg, Belt, Dow & Katz P.C., demands that the defendant Yale University ("Yale"), produce separately for inspection and copying, the documents and information requested in accordance with the instructions and definitions set forth below, no later than thirty (30) days from service of this notice.

### DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. The definitions and rules of construction set forth in Rule 26 of the Local Rules of Civil Procedure for the District of Connecticut are hereby incorporated by reference.

2. "Yale" shall refer to Yale and any Person acting or purporting to act on its behalf, including any present or former principal, executive, director, officer, agent, attorney, employee or partner, as well as any parent, predecessor, successor, subsidiary or affiliate.

3. "Dongguk" shall refer to Dongguk and any Person acting or purporting to act on its behalf, including any present or formal principal, executive, director, officer, agent, attorney, employee or partner, as well as any parent, predecessor, successor, subsidiary or affiliate.

4. "Complaint" shall refer to the Complaint filed by Dongguk against Yale on March 24, 2008 and captioned *Dongguk University v. Yale University,* 3:08-cv-00441-RNC (D. Conn.).

5. "Answer" shall refer to the Answer And Affirmative Defenses filed by Yale on March 17, 2009 in *Dongguk University v. Yale University,* 3:08-cv-00441-RNC (D. Conn.).

6. "Motion to Dismiss" shall refer to the Motion to Dismiss All Claims in Dongguk's Complaint filed by Yale on June 2, 2008 in *Dongguk University v. Yale University,* 3:08-cv-00441-RNC (D. Conn.).

7. "Korean Court Proceedings" shall refer to any proceeding concerning the Seoul Western District Court Case No. 2007Godan2270, 2007Godan0576 (consolidated), 2007Godan2590 (consolidated), and 2007Godan2622 (consolidated) that were filed against Yang Gyun Byeon, Jeong Ah Shin, Young Taek Lim, Mun Sun Park, and Sang Wook Park.

8. "Korean Prosecutor" shall refer to the Seoul Western District Prosecution Office and/or any other Persons who are and/or were employed by or otherwise associated with the Seoul Western District Prosecution Office and participated in a criminal investigation of Jeong Ah Shin and/or Dongguk.

9. "Member of the Media" shall refer to any individual, corporation, agency, institution or organization, as well as its employees, that are involved with the means of communication that reach the public, including but not limited to newspapers, magazines, television, websites and blogs.

## INSTRUCTIONS

1. These Requests for Production seek all information and all documents available to Yale, including information in its possession, custody, or control or in the possession, custody or control of any person acting on its behalf, and not merely such information as is known of its own personal knowledge.

2. If Yale cannot answer any part of any of these Requests for Production in full after exercising due diligence to secure the information and document requested, it must so state and answer the Requests for Production as fully as possible, stating whatever information or documents it has concerning the unanswered or partially answered Requests for Production.

3. For each Request for Production, Yale shall identify, by Bate numbers, all documents that Yale is producing in response to that Request for Production.

4. If any document requested to be produced existed at one time, but is no longer in Yale's possession or control or is no longer in existence, Yale shall state:

   (i) whether it is (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and, if so, to whom, or (d) otherwise disposed of; and

   (ii) with respect to each such document and disposition, (a) explain the circumstances surrounding such disposition and the approximate date thereof, and (b) state any information available to you that might be helpful in locating originals or copies of the document in question.

5. If Yale asserts any privilege with respect to any document, for each such document, Yale shall:

   (i) identify all applicable privileges;

   (ii) state the basis for the claim of privilege;

   (iii) describe fully the circumstances of the document's creation; and

    (iv) describe fully the circumstances of the document's disposition, including identifying all persons whom Yale believes have or may have seen the document or become acquainted with its contents.

  6. Each of these Requests for Production shall be construed independently and not by reference to any other Request for Production for the purpose of limitation.

  7. These Requests for Production shall be deemed continuing so as to require further and supplemental responses by Yale in the event Yale obtains or discovers additional information between the time of its initial response and the time of trial. Such supplemental responses are to be served upon Dongguk within 10 days of Yale's awareness or receipt of such additional information.

## DOCUMENTS REQUESTED

  1. All documents concerning Yale's protocols, procedures, policies or rules, as well as any and all amendments thereto, which were to be followed during the period January 1, 2005 through March 25, 2008, when responding to inquiries that Yale receives from academic institutions and other inquirers who seek to determine whether Yale awarded a Ph.D. or other academic degree to an individual.

  2. For the period beginning January 1, 2005 through March 25, 2008, all documents concerning communications of any kind sent by Yale to other academic institutions and other inquirers in response to inquiries seeking information as to whether Yale awarded a Ph.D. and other academic degree to an individual.

  3. All documents concerning Yale's protocols, policies, or rules, as well as any and all amendments thereto, which were to be followed during the period beginning January 1, 2005

through March 25, 2008 in order to verify the academic credentials of individuals seeking faculty positions and/or research positions at Yale.

4.  For the period beginning January 1, 2005 through March 25, 2008, all communications of any kind sent by Yale to other academic institutions which Yale sought to verify the academic credentials of individuals seeking faculty positions and/or research positions at Yale.

5.  For the period beginning January 1, 2005 through March 25, 2008, all documents concerning inquiries received by Pamela Schirmeister ("Schirmeister") or any other employee of the Yale Graduate School of Arts and Sciences, that sought to verify whether an individual had been awarded a Ph.D. or other academic degree by the Yale Graduate School of Arts Sciences.

6.  All "letters" sent or received by Schirmeister or any other employee of the Yale Graduate School of Arts and Sciences during the month of September 2005, as that word is used by Susan Carney ("Carney") in her January 31, 2008 letter to Euiyon Cho ("Cho").

7.  All documents concerning any and all efforts made by Schirmeister or any other employee of the Yale Graduate School of Arts and Sciences to assist victims of Hurricane Katrina during the month of September 2005 as mentioned by Felix J. Springer during the July 15, 2008 conference with Magistrate Donna F. Martinez.

8.  For the period beginning September 1, 2005 through December 31, 2007, all documents concerning the receipt of the registered letter dated September 5, 2005 from Hyung Taik Ahn ("Ahn") to the Yale Graduate School of Arts and Sciences (the "September 5 Registered Letter") and the May 27, 2005 Certification letter (the "Certification Letter").

9.  All documents concerning Schirmeister's efforts to determine the accuracy of the contents of the Certification Letter.

10. All documents concerning Schirmeister's efforts to determine whether, as stated in the Certification Letter, Yale awarded a Ph.D. to Jeong Ah Shin ("Shin").

11. All documents concerning the drafting, approval and/or transmission of the facsimile dated September 22, 2005 from Schirmeister to Ahn (the "September 22 Fax").

12. For the period beginning September 1, 2005 through March 25, 2008, all documents concerning communications of any kind between Dongguk and Yale regarding Shin.

13. For the period beginning September 1, 2005 through March 25, 2008, all documents concerning communications between or among any individuals employed by Yale regarding Shin.

14. For the period beginning September 1, 2005 through March 25, 2008, all documents concerning communications between Yale and any Person not a party to this action regarding Shin.

15. For the period beginning September 1, 2005 through March 25, 2008, all documents concerning communications between or among any individuals employed by Yale regarding Dongguk's inquiry regarding Shin.

16. For the period beginning June 1, 2007 through December 31, 2007, all documents concerning any efforts made by Yale to determine whether Shin was awarded a Ph.D. by Yale.

17. For the period beginning June 1, 2007 through December 31, 2007, all documents concerning any efforts made by Yale to determine whether Shin authored the dissertation titled "Guillaume Apollinaire: Catalyst for Primitivision for Picabia and Duchamp."

18. For the period June 1, 2007 to December 31, 2007, all documents concerning any efforts made by Yale to determine whether it received the September 5 Registered Letter, the Certification Letter and the September 22 Fax.

19. All documents concerning the "investigation" made by Yale which is referred to in Carney's July 16, 2007 email to Cho or any other investigation made by Yale regarding Shin or Dongguk.

20. All documents concerning communications between or among individuals employed by Yale with respect to the "investigation" referred to in Carney's July 16, 2007 email to Cho or any other investigation made by Yale regarding Shin or Dongguk.

21. All documents identifying the individuals who participated in or were otherwise involved in the "investigation" referred to in Carney's July 16, 2007 email to Cho or any other investigation made by Yale regarding Shin or Dongguk.

22. All documents concerning Yale's discovery that it had received the September 5 Registered Letter and that it had sent the September 22 Fax.

23. All documents concerning Gila Reinstein's ("Reinstein") job responsibilities.

24. All documents concerning the responsibilities of Yale's Office of Public Affairs.

25. For the period beginning June 1, 2007 to December 31, 2007, all documents concerning efforts made by Reinstein or any other person in Yale's Office of Public Affairs to determine (i) whether Yale received the September 5 Registered Letter and the Certification Letter, (ii) whether the September 22 Fax was sent by Yale and/or (iii) whether Dongguk contacted Yale to verify Shin's Ph.D.

26. For the period beginning June 1, 2007 to March 25, 2008, all documents concerning press releases, press reports, official statements, press statements, or other communications made by Yale about Shin and/or Dongguk.

27. For the period beginning June 1, 2007 to March 25, 2008, all documents concerning communications between Yale and any Member of the Media regarding Shin and/or Dongguk.

28. All documents concerning statements attributed to Reinstein or anyone else employed by Yale that are reported in The Chosun Ilbo article dated July 12, 2007.

29. All documents concerning statements attributed to Reinstein or anyone else employed by Yale that are reported in The Chosun Ilbo article dated July 13, 2007.

30. All documents concerning statements attributed to Reinstein or anyone else employed by Yale that are reported in The Chosun Ilbo article dated July 14, 2007.

31. All documents concerning statements attributed to Reinstein or anyone else employed by Yale that are reported in the DongA Ilbo article dated July 16, 2007.

32. All documents concerning statements attributed to Yale that are reported in the Maeil Business Newspaper article dated July 19, 2007.

33. All documents concerning statements attributed to Reinstein or anyone else employed by Yale that are reported in the Hankook Ilbo article dated July 18, 2007.

34. All documents concerning statements attributed to Reinstein or anyone else employed by Yale that are reported in the Chosun Ilbo article dated July 19, 2007.

35. All documents concerning statements attributed to Reinstein or anyone else employed by Yale that are reported in the JoongAng Ilbo article dated July 19, 2007.

36. All documents concerning communications between Munhwa Broadcasting Corporation ("MBC") and Yale regarding MBC's efforts to obtain an interview with any employee of Yale regarding Shin and/or Dongguk.

37. All documents concerning the interview given by Reinstein to MBC.

38. All documents embodying or concerning Yale's Official Statement that was issued on September 21, 2007.

39. All documents concerning communications with respect to Shin and/or Dongguk between Yale or any Person acting on its behalf and the Korean Prosecutors or any other Persons involved in the Korean Court Proceedings.

40. All documents provided by Yale to the Korean Prosecutors or any other Persons involved in the Korean Court Proceedings.

41. All documents concerning "Dongguk's internal investigation of its hiring of Jeong Ah Shin" as disclosed by Yale in its Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) ("Initial Disclosures") at 6.

42. All documents concerning the manner by which Yale obtained the documents produced by Yale in response to Request Number 41.

43. All documents concerning the Korean Court Proceedings.

44. All documents concerning the manner by which Yale obtained the documents produced by it in response to Request Number 43.

45. All documents concerning any contacts or communications about the Korean Court Proceedings between Yale or any Person acting on its behalf and the Korean Prosecutors or any other Persons involved in the Korean Court Proceedings.

46. All documents concerning Yale's contention that "Dongguk seeks to shift the blame for its own inadequate efforts onto Yale, which had nothing to do with the impostor's fraud or Dongguk's foolhardy decision to hire her" as stated in its Motion to Dismiss on page 1.

47. All documents concerning Yale's contention that Yale "itself [was] the victim of the same fraud since Shin falsely claimed to have earned a Yale Ph.D." as stated in its Motion to Dismiss on page 1.

48. All documents concerning Yale's contention that Dongguk was "not deceived by the lies of Shin" and had "actively protected and covered up Shin for some reason" as stated in its Motion to Dismiss on page 6.

49. All documents concerning Yale's contention that Dongguk hired "Shin at Byeon's urging because he told Dongguk's then-President Hong that hiring Shin 'will be a great help to Dongguk University financially'" as stated in its Motion to Dismiss on page 7.

50. All documents concerning Yale's contention that Yale could not "have foreseen that the authenticity of the September 22, 2005 fax could cause harm of the nature alleged by Dongguk" as stated in its Motion to Dismiss on page 13.

51. All documents concerning Yale's contention that "but for Shin's fraud, Schirmeister would not have sent the September 22, 2005 fax, and Carney and Reinstein would not have made the 2007 statements" as stated in its Motion to Dismiss on page 14.

52. All documents concerning Yale's contention that Dongguk was "either complicit in, or willfully ignorant of, Shin's fraud" as stated in its Motion to Dismiss on page 114.

53. All documents concerning Yale's contention that that "Yale was not a cause in fact of any harm to Dongguk" as stated in its Motion to Dismiss on page 16.

54. All documents concerning Yale's contention that Dongguk's "alleged injuries would have occurred regardless of Yale's alleged negligence" as stated in its Motion to Dismiss on page 17.

55. All documents concerning Yale's contention that Dongguk would have "employed Shin regardless of Yale's actions," as stated in its Motion to Dismiss on page 17.

56. All documents concerning Yale's contention that Dongguk would have been "forced to spend money defending itself against the claim that it had acted improperly because it had supposedly failed to verify Shin's Ph.D." as stated in its Motion to Dismiss on page 18.

57. All documents concerning Yale's contention that Dongguk would have suffered all of the harm that it has alleged "even if Yale had never questioned the authenticity of the September 22, 2005 fax" as stated in its Motion to Dismiss on page 19.

58. All documents concerning Yale's contention that "the crimes of Shin, Byeon, and Lim" had roles in connection with the hiring of Shin, as stated in its Motion to Dismiss on page 21.

59. All documents concerning Yale's contention that "the risk of harm to Dongguk exist[ed] prior to, and independently of, any of Yale's actions," as stated in its Motion to Dismiss on page 21.

60. All documents concerning Yale's contention that Dongguk's "alleged harm could have occurred regardless of anything that Yale did," as stated in its Motion to Dismiss on page 22.

61. All documents concerning Yale's affirmative defense that "Dongguk has failed to mitigate its damages."

62. All documents concerning Yale's affirmative defense that "the Complaint is barred in whole or in part by contributory negligence."

63. All documents concerning Yale's affirmative defense that "the Complaint is barred in whole or in part by Dongguk's reckless and wanton conduct."

64.     All documents concerning Yale's affirmative defense that "Dongguk breached its contract with Yale."

65.     All documents concerning Yale's affirmative defense that "Dongguk's damages, if any, were caused or contributed to by Dongguk's own actions or the actions of others over who Yale exercised no control and for whose conduct Yale is not liable."

66.     All documents identified in Yale's Initial Disclosures.

Dated: March 19, 2009

                                                   McDERMOTT WILL & EMERY LLP

                                                   By: /s/ Robert A. Weiner
                                                        Robert A. Weiner
                                                        Jin Yung Bae
                                                   McDermott Will & Emery LLP
                                                   340 Madison Avenue
                                                   New York, New York 10173-1922
                                                   (212) 547-5400

                                                   *Attorneys for Dongguk Dongguk University*

Of Counsel:
Ira Grudberg
Jacobs, Grudberg, Belt, Dow & Katz, P.C.
350 Orange Street
New Haven, Connecticut 06511
(203) 951-3720

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of

**PLAINTIFF DONGGUK UNIVERSITY'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT YALE UNIVERSITY**

has been served upon all counsel of record identified below on March 19, 2009 via electronic mail as agreed to by the parties.

ATTORNEYS FOR DEFENDANT YALE UNIVERSITY

Felix J. Springer
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
Phone: 860-275-0184
Fax: 860-275-0343
Email: fjspringer@daypitney.com

Howard Fetner
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
Phone: 860-275-0184
Fax: 860-275-0343
Email: hfetner@daypitney.com

_____
Jin Yung Bae