# EXHIBIT 10

# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Jean Bae
Associate
jbae@mwe.com
+1 212 547 5754

June 22, 2009

<u>VIA E-MAIL AND REGULAR MAIL</u>

Howard Fetner
Day Pitney LLP
1 Audubon Street
New Haven, CT 06511

Re:   <u>Dongguk University v. Yale University, No. 3:03-CV-00441 (RNC)</u>

Dear Howie:

I write concerning Yale's responses to Dongguk's Requests for Admission (the "Requests") and in response to your letter on June 12, 2009 concerning Dongguk's responses to Yale's Requests to Admit.

## Yale's Responses to Dongguk's Requests

We do not believe that Yale has complied with the applicable legal standard in responding to the Requests. In responding to a Request, "a party is required to admit or deny, even though it lack[s] any personal knowledge, if the means of information [is] reasonably within its power." 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2261, at 558 (2d ed. 1994). Courts in the Second Circuit have consistently held that a "reasonable inquiry" in responding to a Request requires the "investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well." *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990); *see also Concerned Citizens of Belle Haven v. The Belle Haven Club*, 223 F.R.D. 39, 44 (D. Conn. 2004) ("Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily available from persons and documents within the responding party's relative control.") (internal quotations omitted).

Moreover, as the goal of Rule 36 is to "narrow the scope of issues for trial," a request that "seek[s] admission as to the content of certain documents" "is a proper use" of the Rule. *Meyers v. Hermans Sporting Goods, Inc.*, Nos. MDL 777 88-7403 (RO), 87 Civ. 7837 (RO), 1989 U.S. Dist. LEXIS 6956, at *3-4 (S.D.N.Y. June 23, 1989); *see also Sec. and Exch. Comm'n v. Thrasher*, 92 Civ. 6987 (JFK), 1996 U.S. Dist. LEXIS 13016, at *20 (S.D.N.Y. Sept. 6, 1996) ("[I]t is not improper for a party to request that his adversary admit or contest the requesting party's interpretation of a document."). Thus, a party cannot claim lack of personal knowledge

Howard Fetner
June 22, 2009
Page 2

as to these types of Requests, but rather must either admit or deny the substance of the request. *See Diederich*, 132 F.R.D at 617 ("a request for admission as to the meaning of a document . . . may be simply admitted or denied by defendant").

For the reasons set forth below, the following responses to Dongguk's Requests are inadequate.

## Requests for Admission Numbers 15, 16, 17, 18, 19

These Requests ask Yale to admit or deny: (i) that Euiyon Cho sent a July 6, 2007 e-mail to Pamela Schirmeister, and the contents of the e-mail, (ii) that an automatic response was generated by Schirmeister's e-mail system, and the contents of the automatic response, and (iii) that Schirmeister did not respond to the July 6, 2007 e-mail. Your response to each Request states that "Yale lacks knowledge or information sufficient to enable it to admit or deny. After making reasonable inquiry, the information that Yale knows or can readily obtain is insufficient to enable it to admit or deny."

We cannot understand why Yale cannot answer these Requests. The answer to each can easily be determined. Specifically, if Yale searched its e-mail server, or even less, searched the e-mail inbox and outbox of Schirmeister, it would be able to respond to this Request. Furthermore, Yale could simply ask Schirmeister about the e-mails in these Requests. Thus, we do not understand what possible "reasonable inquiry" was made by Yale in claiming that it cannot admit or deny this Request.

To aid in your reasonable inquiry, we are attaching hereto as Exhibit A copies of the July 6, 2007 e-mail from Cho to Schirmeister and the July 6, 2007 automatic response from Schirmeister. If Yale still maintains that a "reasonable inquiry" was made, please let us know what steps were taken in attempting to answer this Request.

## Requests for Admission Numbers 22, 25, 26, 27, 30, 31, 38, 41, 42, 51, 52, 53, 56, 57, 58, 61, 62

These Requests ask Yale to admit or deny that Gila Reinstein made statements to various Korean newspapers, as well as whether she acted in the scope of her employment in making those statements. In Request numbers 22, 26, 27, 31, 38, 42, 52, 53, 57, 58, and 62, your responses state that "Yale lacks knowledge or information sufficient to enable it to admit or deny whether Reinstein made the statement attributed to her." In Request numbers 25, 30, 41, 51, 56, and, 61, your responses state that "Yale lacks knowledge or information sufficient to enable it to admit or deny. After making reasonable inquiry, the information that Yale knows or can readily obtain is insufficient to enable it to admit or deny."

These responses are baffling to us. We understand that Reinstein is a current employee of Yale. Even if she were not, a simple question to Reinstein asking if she made the statement(s) in the articles would presumably elicit an answer to these Requests. Further, if she did make the

Howard Fetner
June 22, 2009
Page 3

statements, Yale can clearly answer whether or not she was acting in the scope of her employment in making those statements. Yale cannot in good faith state that it has made a "reasonable inquiry" to answer these Requests. If Yale still maintains that a "reasonable inquiry" was made, please let us know what steps were taken in attempting to answer this Request.

### Requests for Admission Numbers 24, 29, 40, 45, 50, 55, 60

These Requests ask Yale to admit or deny whether the translations of various Korean newspaper articles into English are accurate. Your response to each Request states that "Yale lacks knowledge or information sufficient to enable it to admit or deny. After making reasonable inquiry, the information that Yale knows or can readily obtain is insufficient to enable it to admit or deny."

Your response is improper. We are simply asking Yale to confirm whether it agrees with Dongguk's translation of the article in the Request. Furthermore, as you acknowledged in your June 17, 2009 e-mail to Jean Bae, you have retained translators to assist in translating documents in the case. One of these translators would be able to tell you whether the translation that is the subject of each Request is accurate. Please admit or deny each Request, and if you deny the Request explain why.

### Requests for Admission Numbers 76, 77

These Requests ask Yale to admit or deny that the .pdf of the mailing label from the September 5 Registered Letter was attached to Cho's September 3, 2007 email to Susan Carney, and that a true and correct copy of the mailing label was attached to the Request. Your response to each Request states that "[a]fter a reasonable inquiry", "Yale lacks knowledge or information sufficient to enable it to admit or deny" the Requests, specifically whether the "document was a mailing label for the September 5 Registered Letter".

Your response is again improper as a "reasonable inquiry" would easily allow for Yale to admit or deny these Requests. As Yale has already acknowledged that it received the September 5 Registered Letter, by simply looking in the file containing the letter and corresponding envelope, Yale would presumably be able to answer this Request. If Yale still maintains that a "reasonable inquiry" was made, please let us know what steps were taken in attempting to answer this Request.

### Requests for Admission Numbers 48, 49, 54

These Requests ask Yale to admit or deny the date of publication and the contents of: (i) the July 19, 2007 Maeil Business Newspaper article and (2) the July 19, 2007 Chosun Ilbo article. Your response to each Request states that "Yale lacks knowledge or information sufficient to enable it to admit or deny. After making reasonable inquiry, the information that Yale knows or can readily obtain is insufficient to enable it to admit or deny."

Howard Fetner
June 22, 2009
Page 4

       This response is improper because a "reasonable inquiry" would easily allow for Yale to admit or deny these Requests. Requests 48 and 49 merely ask Yale to confirm the date the article was published and that the copy of the article attached is a true and correct copy. Request 54 also only asks Yale to confirm that the copy of the article attached is a true and correct copy. If Yale still maintains that a "reasonable inquiry" was made, please let us know what steps were taken in attempting to answer this Request.

       Please revise your responses to Dongguk's Requests for Admission accordingly.

### Dongguk's Responses to Yale's Requests to Admit

       We are in receipt of your letter dated June 12, 2009, which points out purported deficiencies of our responses to Yale's Requests to Admit. Below are our responses to your specific inquiries.

### Request to Admit 3

       We direct Yale to Dongguk's Supplemental Answers and Objections to Yale's First Set of Requests to Admit, attached hereto as Exhibit B.

### Request to Admit 7

       Dongguk maintains its objection that the term "original" is vague and ambiguous. Subject to and without waiving the foregoing specific objection and the General Objections, Dongguk denies this Request for the reasons stated in its answers.

### Request to Admit 11

       Dongguk maintains its objection that the phrases "participated" and "decision to hire" are vague and ambiguous. Subject to and without waiving the foregoing specific objection and the General Objections, Dongguk denies this Request for the reasons stated in its responses.

### Request to Admit 19

       We direct Yale to Dongguk's Supplemental Answers and Objections to Yale's First Set of Requests to Admit, attached hereto as Exhibit B.

### Request to Admit 20

       We direct Yale to Dongguk's Supplemental Answers and Objections to Yale's First Set of Requests to Admit, attached hereto as Exhibit B.

Howard Fetner
June 22, 2009
Page 5

**Request to Admit 21**

We direct Yale to Dongguk's Supplemental Answers and Objections to Yale's First Set of Requests to Admit, attached hereto as Exhibit B.

**Requests for Admission 24, 25, and 26**

Contrary to Yale's demand, Dongguk is not required to admit or deny these Requests because the only way for Dongguk to answer the Requests would be to rely on the copy of the Korean judgment provided to us by Yale, which Dongguk has no way of authenticating. As a Connecticut Superior Court has held, a "party need not, in answering the request, rely on information provided by others if the party itself lacks first hand knowledge of the information, had no control or input into preparation of the document, and lacks sworn testimony or other reliable means for crediting the information provided by others." *Fusco v. Middlesex Mutual Assurance Co.*, CV075011691S, 2008 Conn. Super. LEXIS 2028, at *7 (Super. Ct. Conn. Aug. 7, 2008).

Sincerely,

Jean Bae

cc:     Felix J. Springer, Esq.
        Ira Grudberg, Esq.
        Robert A. Weiner, Esq.
        Audrey Lu, Esq.



Webmail System

choey@dongguk.edu

Dear Pamela Schirmeister,

I am writing this letter in need of verification on your records about Ms. Jeong Ah Shin for whom, according to the documents we have, in 2005, you issued a Ph.D. certification letter to our school, Dongguk University, in Seoul, Korea.

According to one of the documents, in May 27, 2005, you issued a certification letter saying that Jeong Ah Shin (dob: April 28, 1972) got a Ph.D. in the major of History of Art and graduated in May 2005. The letter was carbon copied to Professor Christine Mehring and the Department of the History of Art. Moreover, in response to our letter of asking your verification of the May letter, in September 22, 2005, you faxed us, saying that you confirmed that the May letter was issued by the Yale Graduate School and signed by you.

On the contrary to your statements, however, upon our request for the verification of Ms. Shin's status on whether she got a Ph.D. in the Department of the History of Art, Susan Emerson, the registrar of the Department of the History of Art informed us that Jeong Ah Shin did not receive a Ph.D. in the History of Art Department. Also Professor Mehring emailed saying that she did not advise Jeong Ah Shin and does not know her.

Faced with these two contradictory statements from Yale University about Ms. Jeong Ah Shin, we are obliged to ask you again whether you really issued the May and September certification letter on behalf of the Yale Graduate School. If Jeong Ah Shin received a Ph.D. in the major of the History of Art under Professor Mehring, as you confirmed, why do you think Susan Emerson and Dr. Christine Mehring have denied what you wrote about Ms. Shin?

It will be very kind of you if you double check both the registrar of the Yale Graduate School and the History of Art Department with regard to our inquiry about Ms. Shin's status on whether she really got a Ph.D. in the History of Art Department under the supervision of Dr. Mehring. Your quick reply to this will be greatly appreciated.

Sincerely,

Euiyon Cho, Ph.D.

Euiyon Cho
Professor
Department of English
Director
Management and Supervision,
President's Office

26.3 pil- dong, chung gu, seoul 100-715.
Korea
E-mail - choey@dongguk.edu

DONGGUK UNIVERSITY

<mkottar@japonline.org>

<pearl781103@hanmail.net>
<people@hankyung.com>
<people@hankyung.com>





東國大學校 DONGGUK UNIVERSITY   **Webmail System**

I will be away from the office until Monday, July 16, with only sporadic e-mail contact. If you need immediate assistance, please contact my assistant at alicia.grendzinzewski@yale.edu. Otherwise, I'll respond to your message when I return.

Thanks for your patience.