# EXHIBIT 11

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

HOWARD FETNER
Attorney at Law

One Audubon Street
New Haven, CT 06511
T: (203) 752 5012 F: (203) 752 5001
hfetner@daypitney.com

July 2, 2009

**VIA E-MAIL AND REGULAR MAIL**

Jin Yung Bae, Esq.
McDermott Will & Emery
340 Madison Avenue
New York, NY 10173-1922

    Re:    <u>Dongguk University v. Yale University, No. 3:08-CV-00441 (RNC)</u>

Dear Jean:

    I write in response to your letter of June 22, 2009 concerning Yale's responses to Dongguk's First Set of Requests for Admission and Dongguk's responses to Yale's First Set of Requests to Admit.

**Yale's Responses to Dongguk's Requests for Admission**

**Requests for Admission 15-19**

    Yale's responses to these Requests are accurate and complete. Yale has no knowledge of the alleged e-mail messages upon which Requests 15-19 are based. Schirmeister has no recollection of such e-mail messages, and searches of her hard drive and Yale's server revealed no evidence of them.

**Requests for Admission 22, 25-27, 30-31, 38, 41-42, 51-53, 56-58, 61-62**

    Yale's responses to these Requests are accurate and complete. Reinstein does not recall if she made the statements attributed to her in the articles upon which these Requests are based.

**Requests for Admission 24, 29, 40, 45, 50, 55, 60**

    Yale's responses to these Requests are accurate and complete. Yale does not have knowledge of the accuracy of Dongguk's translations, and it is not required to engage third parties in order to obtain their opinion of whether Dongguk's translations are accurate.

# DAY PITNEY LLP

Jin Yung Bae, Esq.
July 2, 2009
Page 2

### Requests for Admission 76-77

Yale's responses to these Requests are accurate and complete. Yale has no knowledge of the document upon which Requests 76-77 are based. As you stated in your June 22 letter, "a party need not, in answering the request, rely on information provided by others if the party itself lacks first hand knowledge of the information, had no control or input into preparation of the document, and lacks sworn testimony or other reliable means for crediting the information provided by others." Fusco v. Middlesex Mut. Assurance Co., No. CV075011691S, 2008 Conn. Super. LEXIS 2028, at *7 (Conn. Super. Ct. Aug. 7, 2008).

### Requests for Admission 48-49, 54

Yale's responses to these Requests are accurate and complete. Yale has no knowledge of the documents upon which Requests 48-49 and 54 are based. As you stated in your June 22 letter, "a party need not, in answering the request, rely on information provided by others if the party itself lacks first hand knowledge of the information, had no control or input into preparation of the document, and lacks sworn testimony or other reliable means for crediting the information provided by others." Fusco v. Middlesex Mut. Assurance Co., No. CV075011691S, 2008 Conn. Super. LEXIS 2028, at *7 (Conn. Super. Ct. Aug. 7, 2008).

## Dongguk's Responses to Yale's Requests to Admit

### Requests to Admit 24-26

Your responses to these Requests to Admit are insufficient. In your June 22 letter, you seem to be implying that Dongguk lacks knowledge or information sufficient to enable it to admit or deny these Requests because it received a copy of the Korean judgment from Yale and had no control or input into the preparation of the judgment. These Requests, however, do not ask Dongguk to admit the authenticity of a document. Rather, these Requests ask Dongguk to admit the crimes of which Jeong Ah Shin, Yang Kyun Byeon, and Yong Taek Lim were convicted. I do not understand how Dongguk could lack knowledge or information of those convictions, especially since Shin was a Dongguk faculty member and Lim the Chairman of the Dongguk University Foundation's Board of Directors. Please supplement Dongguk's responses to Yale's Requests to Admit.

Sincerely,

Howard Fetner

cc: Felix J. Springer, Esq. (via e-mail)
Ira Grudberg, Esq. (via e-mail)
Robert A. Weiner, Esq. (via e-mail)