# EXHIBIT 16

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Robert A. Weiner
Partner
rweiner@mwe.com
+1 212 547 5408

October 19, 2009

**VIA FED-EX**

Howard Fetner, Esq.
Day Pitney LLP
1 Audubon Street
New Haven, Connecticut 06511

Re: <u>Dongguk University v. Yale University, No. 3:03-CV-00441 (RNC)</u>

Dear Howard:

      As I explained at the October 7, 2009 meet and confer, we are concerned about the completeness of Yale's document production. As you also know, we believe that Yale has not used the correct methods and procedures to collect, preserve and produce electronically stored information. Rather than directly address our concerns, you asked us to provide you with our specific concerns regarding Yale's document production and the documents from Yale's production that address those concerns.

      Although we are not sure that this is the right way to proceed, by this letter we will detail the deficiencies that have we noted in Yale's production of electronically stored information ("ESI"). We will also discuss our concerns about Yale's hard copy production and its privilege log.

      First, attached as Exhibits A (Bates Nos. YALE00007037-7044), B (Bates Nos. YALE00007053-7085), C (Bates Nos. YALE00007086-7115), D (Bates Nos. YALE00007116-7162), and E (Bates Nos. YALE00007163-7202) are sets of emails that we cannot even begin to understand. Each set appears to be a single email chain. However, we are not sure how this could be possible since within the set, the same emails seem to repeat over and over again throughout "the chain."

      For example, in Bates range YALE00007053-7085, the December 28, 2007 e-mail from Kevin Kim to Reinstein repeats within the "chain" on Bates Nos. YALE00007053, YALE00007057, YALE00007061, YALE00007066, YALE00007072, and YALE00007078. Please explain what these sets of emails are, and, if and how they should be broken up. If you are unable to identify what these emails are, please provide them in native format or the metadata for these emails so we can figure out where the different chains begin and end.

U.S. practice conducted through McDermott Will & Emery LLP.
NYK 1227244-2.081817.0011
340 Madison Avenue  New York, New York  10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444  www.mwe.com

Howard Fetner, Esq.
October 19, 2009
Page 2

Second, attached as Exhibit F is a list of emails/documents where various pages of the email/document are missing. For example, Bates No. YALE00000689 (attached as Exhibit G), is a four-page e-mail, but pages 2-4 were not produced with it. If the documents were properly collected all four pages of the email should be consecutive within the production. Even assuming that the remaining pages of the email are in the production, this indicates the collection was done incorrectly. Please produce the missing pages and if the pages cannot be produced, please explain why.

Third, attached as Exhibit H is a list of emails/documents where the attachments to those emails/documents were not produced. This is true of both emails and hard copy documents. Please produce all attachments referenced in Exhibit H.

For example, YALE00000668 (attached as Exhibit I) is a July 10, 2007 e-mail from Alicia Grendziszewski to Mihee Ahn (Gwangju Biennale Foundation). The header and the text of the original email indicate that there were four attachments. However, none of the attachments to the email were produced.

Also, for example, Bates Nos. YALE00000045-46 and YALE00000047-48 (attached as Exhibit J) are briefing memoranda from Helaine Klasky to President Levin regarding various interviews with Korean media. However, the attachments to the memoranda, which include articles and documents about the Shin case, were not produced. If the attachments cannot be produced, please explain why.

Fourth, attached as Exhibit K is a list of emails that have not been independently produced. The list includes the Bates No. on which the missing email is located and the information identifying the missing email within the chain. For example, YALE00000004-5 (attached as Exhibit L) is a chain of emails on July 4-5, 2007 from ytd25@hanmail.net to Pamela Schirmeister and forwarded to Grendziszewski. While we have copies of the first and second emails in the chain, the third email from ytd25@hanmail.net to Schirmeister was not separately produced. Please identify ytd25@hanmail.net.

Fifth, we have not received a complete email production. Attached as Exhibit M is a list of emails that reflect the fact that for many emails, multiple people were involved in the email as either a sender, a recipient, a "cc" and, possibly, a "bcc." Rather than produce a copy of the email from each person who should have had it in his or her files, Yale has randomly produced these emails from different sources.

In some cases, Yale only produced a "cc" copy from one of the "cc's," but not from the other "cc's." Nor did it provide copies of the email from the sender or the recipient. In other cases, Yale produced the recipient's copy, but not the sender's copy or any of the "cc's" or "bcc's" copies. In still other cases, Yale produced the sender's copy but not the "cc's" or recipient's copies.

Howard Fetner, Esq.
October 19, 2009
Page 3

For example, YALE00005965 (attached as Exhibit N) is a December 30, 2007 email from Butler to seven (7) other individuals. However, only a single copy from Stephen Goot's email files was produced. In other words, copies from the seven people are missing, including from the sender Butler.

At a minimum, it is essential that we receive all senders' emails since only those emails will reflect whether a blind copy of the email was sent. As to emails where the "cc" copies were not produced or where the recipient's email was not produced, we are concerned that the ESI for those people were not properly searched which would explain why Yale did not produce all emails which should have existed in the files of employees who sent or received emails.

For your convenience, we created a list of every person who appeared as a "bcc," "cc," sender or recipient of emails that Yale has produced. The list is attached hereto as Exhibit O. Based upon our preliminary review, we know that we do not have a complete email production from the following people:

- Edward Barnaby
- Susan Carney
- Nicole Chardiet
- Nina Glickson
- Stephen Goot
- David Joselit
- Helaine Klasky
- Gila Reinstein
- Pamela Schirmeister

Please explain how the ESI of these individuals as well as the other people listed in Exhibit O were searched and for each individual, tell us whether the search was limited to the downloading of the person's hard drive or whether Yale also searched its back-up logs and/or servers for emails sent by or received by those individuals.

Also based on the list in Exhibit O, it appears that the following key individual's ESI and documents have not been searched at all:

- Tim Barringer
- Jon Butler
- Tom Conroy
- Susan Emerson
- George Joseph
- Richard Levin
- Christine Mehring
- Dorothy Robinson

- Richard Sleight
- Steven Sprowson

Please confirm whether the ESI and documents of these individuals have, in fact, been searched and, if so, how. If not, please explain why not.

Sixth, for several documents, we are unable to determine who the custodian of the document is or who the author of the handwriting on the document is. Please identify the information requested below:

- Bates Nos. YALE00007003-7012: Please identify the author of the handwriting within this document.

- Bates Nos. YALE00000897: Please identify who performed this interview with Schirmeister, as well as any other individuals who were present for the interview.

- Bates Nos. YALE00007360, YALE00007393, YALE00007394, YALE00007886-7899: Please identify the author of these handwritten notes.

- Bates Nos. YALE00000646-648: Please identify who this fax was sent to and who the custodian of this document is.

- Bates No. YALE00008124: Please identify the author of these handwritten notes.

Seventh, on many of Susan Carney's emails, it appears that a blind copy of the email was sent to email address "f\D Group\Dongguk U." Attached as Exhibit P are several examples of the emails containing this "bcc." Please tell us the names of everyone who received blind emails addressed to "f\D Group\Dongguk U."

Eighth, we are confused about YALE00000015 (attached as Exhibit Q). It appears to be a January 17, 2007 email from Edward Barnaby to Schirmeister with draft language. However, it starts with the word "Finally" and it also seems that Barnaby is speaking in the third person. Please tell us whether this email is complete.

Ninth, we do not understand what YALE00000038 is (attached as Exhibit R). It appears to be an email but there is no header information. Additionally, no attachment was included with this document. Please explain what this document is.

Tenth, Yale's production indicates a clear lack of documents from the Yale Police Department. While there appear to be many emails from Carney to Sgt. Peter Brano forwarding information about the case, there are few emails, and even fewer emails relevant to the case, from Brano back to Carney in response. Additionally, Yale has not produced any hard copy documents such as a case file, interview and other notes, final reports regarding the investigation, or other hard copy documents one would expect the police department to maintain. Please explain:

- why were no such documents produced?
- what was the exact investigation the Yale Police Department was asked to conduct?
- who was interviewed?
- what did the Yale Police Department do to investigate the issue?
- what was the outcome/determination of the investigation?

Eleventh, we still have very few documents/emails between and among the employees of the Office of Public Affairs from between June 2007 and August 2007. From your prior production, we know there was substantial public relations activities activity going on during that time period (i.e., questions from the media and other third parties, emails from Carney regarding how to respond). At the very least, we would expect to see calendar entries that reflect meetings about the Shin matter (i.e., Conroy was being "briefed"). Specifically, we seem to be missing documents from between June 18, 2007 and July 3, 2007, which seems to be a critical time period. Please let us know if any calendars or notes exist.

Twelfth, we have vey few communications with the media or other documents regarding communications with the media. While we have some email inquiries, you have not produced any notes from conversations with reporters, any calendar entries about scheduled interviews, no "briefing memos" like the ones prepared for President Levin by Klasky (discussed above). Please explain whether any documents were prepared or emails sent internally regarding media interviews. If so, please produce those documents.

Thirteenth, noticeably absent from Yale's document production is anything related to the preparation for Reinstein's interview with MBC. Thus, for that interview specifically, please answer the following questions:

- Did MBC or Yale request that the interview be arranged?
- Who was Reinstein's contact at MBC?
- How did Reinstein prepare for the interview, including any handwritten notes or briefing memorandums?
- Did anyone prepare Reinstein for the interview?
- Were there any meetings in advance about the interview?

Fourteenth, we have still not received a response to our October 5, 2009 letter regarding our concerns with Yale's privilege logs, which is attached as Exhibit S. We request that Yale address the concerns in that letter and promptly provide the information it requests.

Howard Fetner, Esq.
October 19, 2009
Page 6

     Additionally, please explain why Yale is claiming the attorney-client privilege for communications where no attorney was a participant. Below are a few examples of emails that have been redacted for attorney-client privilege from Yale's redacted documents log, where clearly no attorney is listed as either the author, recipient, "cc" or "bcc:"

| **Bates No.** | **Type** | **Date** | **Author** | **Recipient** |
|---|---|---|---|---|
| YALE00007057 | E-mail | 12/27/07 | Gila Reinstein | Helaine Klasky |
| YALE00007549 | E-mail | 12/28/07 | Helaine Klasky | Gila Reinstein |
| YALE00007215 | E-mail | 1/1/08 | Pamela Schirmeister | Jon Butler |
| YALE00007614 | E-mail | 1/17/08 | Pamela Schirmeister | Gila Reinstein |
| YALE00007742 | E-mail | 1/29/08 | Pamela Schirmeister | Jon Butler |

     Moreover, the below are additional examples of emails that have been withheld for attorney-client privilege listed on Yale's privilege log, where no attorney appears to be part of the conversation:

| **No.** | **Type** | **Date** | **Author** | **Recipient(s)** |
|---|---|---|---|---|
| 163 | E-Mail | 10/19/07 | Tom Conroy | Gila Reinstein |
| 165 | E-Mail | 12/28/07 | Helaine Klasky | Gila Reinstein<br>Tom Conroy |
| 166 | E-Mail | 12/28/07 | Gila Reinstein | Helaine Klasky |
| 177 | E-mail | 1/17/08 | Pamela Schirmeister | Edward Barnaby |
| 198 | E-mail | 1/25/08 | Pamela Schirmeister | Jon Butler |

Sincerely yours,

*Robert A. Weiner*

Robert A. Weiner
Enclosures

cc:    Felix J. Springer, Esq.
       Ira Grudberg, Esq.
       Nathanael Kelley, Esq.
       Audrey Lu, Esq.