# EXHIBIT 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DONGGUK UNIVERSITY,

           Plaintiff,

    v.

YALE UNIVERSITY,

           Defendant.

Civil Action No. 3:08-CV-00441-RNC

## PLAINTIFF DONGGUK UNIVERSITY'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT YALE UNIVERSITY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Dongguk University ("Dongguk"), through its attorneys, McDermott Will & Emery LLP, and by Jacobs, Grudberg, Belt, Dow & Katz P.C., demands that the defendant Yale University ("Yale"), produce separately for inspection and copying, the documents and information requested in accordance with the instructions and definitions set forth below, no later than thirty (30) days from service of this notice.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.      The definitions and rules of construction set forth in Rule 26 of the Local Rules of Civil Procedure for the District of Connecticut are hereby incorporated by reference.

2.      "Yale" shall refer to Yale and any Person acting or purporting to act on its behalf, including any present or former principal, executive, director, officer, agent, attorney, employee or partner, as well as any parent, predecessor, successor, subsidiary or affiliate.

3.     "Dongguk" shall refer to Dongguk and any Person acting or purporting to act on its behalf, including any present or formal principal, executive, director, officer, agent, attorney, employee or partner, as well as any parent, predecessor, successor, subsidiary or affiliate.

4.     "Complaint" shall refer to the Complaint filed by Dongguk against Yale on March 24, 2008 and captioned *Dongguk University v. Yale University,* 3:08-cv-00441-RNC (D. Conn.).

5.     "Answer" shall refer to the Answer And Affirmative Defenses filed by Yale on March 17, 2009 in *Dongguk University v. Yale University,* 3:08-cv-00441-RNC (D. Conn.).

## INSTRUCTIONS

1.     These Requests for Production seek all information and all documents available to Yale, including information in its possession, custody, or control or in the possession, custody or control of any person acting on its behalf, and not merely such information as is known of its own personal knowledge.

2.     If Yale cannot answer any part of any of these Requests for Production in full after exercising due diligence to secure the information and document requested, it must so state and answer the Requests for Production as fully as possible, stating whatever information or documents it has concerning the unanswered or partially answered Requests for Production.

3.     For each Request for Production, Yale shall identify, by Bate numbers, all documents that Yale is producing in response to that Request for Production.

4.     If any document requested to be produced existed at one time, but is no longer in Yale's possession or control or is no longer in existence, Yale shall state:

(i)     whether it is (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and, if so, to whom, or (d) otherwise disposed of; and

-2-

(ii)     with respect to each such document and disposition, (a) explain the circumstances surrounding such disposition and the approximate date thereof, and (b) state any information available to you that might be helpful in locating originals or copies of the document in question.

5.     If Yale asserts any privilege with respect to any document, for each such document, Yale shall:

(i)     identify all applicable privileges;

(ii)     state the basis for the claim of privilege;

(iii)     describe fully the circumstances of the document's creation; and

(iv)     describe fully the circumstances of the document's disposition, including identifying all persons whom Yale believes have or may have seen the document or become acquainted with its contents.

6.     Each of these Requests for Production shall be construed independently and not by reference to any other Request for Production for the purpose of limitation.

7.     These Requests for Production shall be deemed continuing so as to require further and supplemental responses by Yale in the event Yale obtains or discovers additional information between the time of its initial response and the time of trial. Such supplemental responses are to be served upon Dongguk within 10 days of Yale's awareness or receipt of such additional information.

## DOCUMENTS REQUESTED

1.     All letters and other documents signed or authored by Pamela Schirmeister between January 1, 2004 and September 22, 2005 certifying, verifying, or confirming that a student had received a degree from Yale University.

-3-

2.    All "examples of confirmation letters" Pamela Schirmeister provided to Gila

Reinsetin ("Reinstein"), as discussed in Reinstein's February 4, 2008 email to George Joseph,

Bates-stamp numbered YALE00000840-YALE00000841.

Dated: February 5, 2010

McDERMOTT WILL & EMERY LLP

By: *Robert A. Weiner*
    Robert A. Weiner
    Audrey Lu
340 Madison Avenue
New York, New York 10173-1922
(212) 547-5400

*Attorneys for Dongguk Dongguk University*

Of Counsel:
Ira Grudberg
Jacobs, Grudberg, Belt, Dow & Katz, P.C.
350 Orange Street
New Haven, Connecticut 06511
(203) 951-3720

-4-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of :

**PLAINTIFF DONGGUK UNIVERSITY'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT YALE UNIVERSITY**

has been served upon all counsel of record identified below on Febraury 5, 2010 via electronic mail as agreed to by the parties.

ATTORNEYS FOR DEFENDANT YALE UNIVERSITY:

Felix J. Springer
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
Phone: 860-275-0184
Fax: 860-275-0343
Email: fjspringer@daypitney.com

Howard Fetner
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
Phone: 860-275-0184
Fax: 860-275-0343
Email: hfetner@daypitney.com

Audrey Lu

NYK 1279778-1.081817.0011

-5-