# EXHIBIT 27

# DAY PITNEY LLP

BOSTON  CONNECTICUT  NEW JERSEY  NEW YORK  WASHINGTON, DC

FELIX J. SPRINGER
Attorney at Law

242 Trumbull Street
Hartford, CT 06103
T: (860) 275 0184 F: (860) 881 2462
fjspringer@daypitney.com

February 25, 2010

**VIA E-MAIL AND REGULAR MAIL**

Robert A. Weiner, Esq.
McDermott, Will & Emery
340 Madison Avenue
New York, NY 10173

      Re:    <u>Dongguk University v. Yale University, No. 3:08-CV-00441 (RNC)</u>

Dear Bob:

      I write to address a number of serious deficiencies in Dongguk's document production in the above-referenced case. Among other deficiencies, Dongguk's document production has been marked by two predominant themes: while Dongguk has produced very few documents responsive to many of Yale's Requests for Production, it has produced a great many non-responsive and irrelevant documents. It is apparent that Dongguk's approach to document production in this case has been to withhold relevant material while swamping Yale with reams and reams of irrelevant material. Moreover, since nearly all of the documents produced by Dongguk are in Korean, Yale had to undertake great burden and expense in order to determine that many of those documents are non-responsive to its requests and irrelevant to this case. A number of particular deficiencies in Dongguk's document production are discussed in more detail below.

**Internal E-Mail Concerning Jeong Ah Shin or Yale University**

      Dongguk has produced virtually no e-mail or other documents or electronically stored information ("ESI") reflecting communications among Dongguk personnel concerning Jeong Ah Shin or Yale University. Yale has requested such documents. (See, e.g., Requests for Production 102-104.) It is inconceivable that the paucity of documents that Dongguk has produced represents the entirety of Dongguk employees' communications on these subjects, which Dongguk has claimed were among the most important events in its history. Indeed, Yale, which was only tangentially connected to the Shin matter for a short time, has produced far more e-mail on the subject than Dongguk, which was involved in the heart of the matter for years.

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 2

Your failure to produce e-mail or other internal Dongguk communications concerning Shin or Yale raises serious questions about Dongguk's compliance with the most basic discovery requirements, including preservation of relevant ESI. Such failures can have serious consequences, including sanctions. See, e.g., Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Sec., LLC, No. 05 Civ. 9016, 2010 U.S. Dist. LEXIS 1839 (S.D.N.Y. Jan. 15, 2010).

Please describe all steps that Dongguk has taken to preserve, collect, and search for e-mail and other documents and ESI reflecting communications among Dongguk personnel. Please identify all Dongguk personnel whose documents and ESI were preserved, collected, and searched. Please identify all Dongguk personnel who were instructed to preserve documents and ESI relevant to this case, when they were so instructed, the identity of the individuals providing the instructions, the substance of the directions that were given regarding the preservation of documents and ESI, and whether the directions were given in writing. Please identify all Dongguk personnel for whom the automated, routine destruction and deletion of documents and ESI was suspended, when it was suspended, and the specific actions taken.

In particular, please describe all steps that you took to identify, collect, and search documents and ESI from the following Dongguk personnel:

- Hyung Taik Ahn
- Euiyon Cho
- Soon Sik Cho
- Won Saeng Cho
- Ye Kyung Chung
- Jin Su Han
- Ki Sam Hong
- Chang Kyu Hwang
- Jong Yeon Hwang
- Cho Kyung Im
- Woo Taek Jung
- Byung Ho Kim
- Gye Hyon Kim
- Jun Tae Kim
- Yoon Kil Kim
- Sang Il Lee
- Yong Taek Lim
- Byeong Wook Oh
- Won Bae Oh
- Youngkyo Oh

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 3

- Myung Kwan Park
- Ik Seob Shim
- Seong Woong Yang
- Jang Yoon
- Kwang Ho Yu
- Seok Cheon Yu
- all members of Dongguk University Foundation Board of Directors in 2005 and 2007

**Board of Directors Documents**

Another area where Dongguk's document production has been deficient is the Board of Directors. Dongguk has produced virtually no documents or ESI from its Board of Directors, including no e-mails or other communications sent or received by any Board members. Yale has requested such documents. (See Requests for Production 14, 32, 46.) It is inconceivable that, between 2005 and the present, *no* Dongguk Board members communicated electronically or in writing regarding Jeong Ah Shin or Yale University. Similarly, the paucity of other documents that Dongguk has produced from the Board of Directors could not possibly represent all Board documents responsive to Yale's Requests for Production. Indeed, Dongguk has not even claimed to have produced all responsive Board documents. (See Letter from Lu to Fetner of 10/30/09 ("The documents on these DVDs are documents that we have been able to obtain from the Dongguk University Foundation Board of Directors and are responsive to Yale's Requests for Production.").)

To cite merely two examples of particular Board documents that we know to exist and that have not been produced, Korean prosecutors found, in the office of the Chairman of Dongguk's Board, a June 18, 2007 note concerning Jeong Ah Shin's resignation and another note in which the Chairman asked Shin to help obtain a government subsidy for his temple. (See, e.g., DONGGUK0000582, 540.) Dongguk has not produced these notes, or any other documents or ESI from its Board Chairman. To reiterate, the two notes mentioned above are merely examples of Dongguk's failure to produce responsive documents and ESI from its Board of Directors; we expect the Board to have far more responsive documents than that.

To cite another example, Dongguk has produced no documents concerning the indictment, trial, and conviction of the Chairman of its Board, Yong Taek Lim. Yale clearly requested these documents. (See Request for Production 44 ("All documents concerning any criminal investigations of, or criminal charges brought against, Yong Taek Lim, including but not limited to all contacts or communications with prosecutors or government officials concerning any such investigations or charges.").) It is inconceivable that Mr. Lim has no documents or ESI responsive to Request 44.

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 4

To cite yet another example, Dongguk has produced no Board of Directors documents concerning Dongguk's receipt of government grants. Yet Korean prosecutors apparently obtained documents and computer files concerning government grants to Dongguk from the offices of Dongguk's Board of Directors. (See DONGGUK0000605.)

Please describe all steps that you took to identify, preserve, collect, and search for documents and ESI from Dongguk's Board of Directors. Please identify all Board members and other Board personnel whose documents and ESI were preserved, collected, and searched. Please identify all Board personnel who were instructed to preserve documents and ESI relevant to this case, when they were so instructed, the identity of the individuals providing the instructions, the substance of the directions that were given regarding the preservation of documents and ESI, and whether the directions were given in writing. Please identify all Directors for whom the automated, routine destruction and deletion of documents and ESI was suspended, when it was suspended, and the specific actions taken.

### Ki Sam Hong and Youngkyo Oh Documents

Dongguk has produced virtually no documents or ESI of any kind from former Dongguk president Ki Sam Hong or current Dongguk president Youngkyo Oh. Indeed, apparently the only e-mails of Mr. Oh's that you have produced are those sent by Yale employees. Based on the central roles that these two men played in many of the facts underlying this case, it is inconceivable that they generated and received no documents or ESI responsive to Yale's requests.

Please describe all steps that you took to identify, preserve, collect, and search for documents and ESI from Ki Sam Hong and Youngkyo Oh. When was each of them instructed to preserve documents and ESI, and by whom? What was the substance of the instruction, and was it given in writing? When were their documents and ESI collected and searched? What search terms or other search methodologies were used? When was the automated, routine destruction and deletion of documents and ESI suspended for Mr. Hong and Mr. Oh?

### Documents Concerning Criminal Investigations

Dongguk has produced no documents concerning any criminal investigations other than the one relating to Jeong Ah Shin, although Dongguk was the subject of at least several such investigations during the relevant time period. (See, e.g., DONGGUK0000515, 524 (reporting on Seoul Central Division Prosecutor's Office's 2004-2007 investigation and re-investigation of Dongguk for various corrupt practices, including kickbacks, bribery, and embezzlement).) Yale has requested all documents concerning such investigations. (See Request for Production 41 ("All documents concerning any criminal investigations of, or criminal charges brought against, Dongguk University, including but not limited to all documents concerning any contacts or communications with prosecutors or government officials concerning any such investigations or

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 5

charges.").) Since Dongguk's Complaint put its alleged 100-year reputation for "morality" at issue (see, e.g., Compl. ¶ 159), Yale is entitled to obtain discovery concerning that alleged reputation, including whether criminal investigations or criminal charges may have damaged Dongguk's alleged reputation. Since the Korean media reported on the prosecutors' three-year investigation into Dongguk's various corrupt practices, that investigation obviously could have impacted Dongguk's reputation. (See, e.g., DONGGUK0000515, 524.)

Dongguk also has not produced all of the documents that it provided to Korean prosecutors in connection with their Shin-related investigation. (See DONGGUK0314761-66 (listing documents that Dongguk produced to prosecutors).) Yale has requested such documents. (See Request for Production 41.)

Please produce all documents and ESI in Dongguk's possession, custody, or control that are responsive to Request for Production 41.

**Documents Concerning Lawsuits**

Dongguk has produced virtually no documents concerning legal proceedings by or against Dongguk or its personnel. Yale has requested such documents. (See Request for Production 15 ("All documents concerning any civil or criminal legal proceedings or regulatory or administrative proceedings by or against Dongguk University or any current or former administrator, faculty member, employee, student, or other representative of Dongguk University or the Dongguk University Foundation's Board of Directors since 1998.").) Based on the lawsuits to which Dongguk and its personnel were parties during the relevant time period, Dongguk must have far more documents and ESI responsive to Request for Production 15 than it has produced.

For example, Dongguk has produced no documents concerning the series of lawsuits that former Dongguk Board member Jang Yoon brought against Dongguk administrators and Board members. (See, e.g., DONGGUK0314959-62 (referring to Jang Yoon's series of lawsuits against Dongguk administrators and Board members); DONGGUK0378223-65 (discussing Jang Yoon's lawsuits).) Since Dongguk's Complaint put its alleged 100-year reputation for "morality" at issue (see, e.g., Compl. ¶ 159), Yale is entitled to obtain discovery concerning that alleged reputation, including whether legal, regulatory, or administrative proceedings may have damaged Dongguk's alleged reputation. In a May 1, 2009 telephone conference with my colleague Howard Fetner, you acknowledged the relevance of Request 15, and asked that we limit its scope to proceedings that could have impacted Dongguk's reputation. In a subsequent letter to your then-colleague Jean Bae, Howard agreed to limit Request 15 to documents that could have impacted Dongguk's reputation, but he explained that we saw no basis for distinguishing proceedings that could have impacted Dongguk's reputation from those that could not have done so. Howard asked Jean to provide a basis for such a distinction if she was able to do so, but she never responded. In any event, since the Korean media reported on Jang Yoon's

**DAY PITNEY LLP**

Robert A. Weiner, Esq.
February 25, 2010
Page 6

lawsuits, they obviously could have impacted Dongguk's reputation. (See, e.g., DONGGUK0034258-61.)

Apart from the lawsuits discussed above, after Jang Yoon was removed from Dongguk's Board of Directors in an effort to cover up Shin's fraud, he brought a lawsuit to overturn his dismissal from the Board. (See, e.g., DONGGUK0001061, 1117 (reporting on lawsuit).) Dongguk has produced no documents concerning that lawsuit.

In yet another example, Dongguk also has produced no documents concerning its lawsuit against the Korean Education Ministry over the Korean government's law school selections. (See, e.g., DONGGUK0001686-87 (reporting on lawsuit); DONGGUK00378506-30 (discussing lawsuit).)

Please produce all documents and ESI in Dongguk's possession, custody, or control that are responsive to Request for Production 15.

### Documents Concerning Other Degree Frauds

Other than Jeong Ah Shin, Dongguk has produced no documents concerning any Dongguk faculty members' degree forgery. Yale has requested such documents. (See Request for Production 16 ("All documents concerning any forging, or suspected forging, of any academic degrees or other documents by any persons holding faculty, teaching, or research positions, including adjunct and visiting appointments and "special hiring candidates," at Dongguk University, since 1998.").) Documents produced by Dongguk reveal that at least one Dongguk faculty member other than Shin forged a degree. (See DONGGUK0378223-65 (former dean of Dongguk College of Medicine and Graduate School of Public Administration falsely claimed to have a doctoral degree).)

Please produce all documents and ESI in Dongguk's possession, custody, or control that are responsive to Request for Production 16.

### Communications With Reporters; Media-Related Documents

Dongguk has produced virtually no documents reflecting e-mail or other communications with reporters or other media figures. Yale has requested such documents. (See Request for Production 31 ("All documents concerning any communications between any employee or other representative of any newspaper, magazine, website, television station, or other media outlet and any current or former administrator, faculty member, employee, student, attorney, or other representative of Dongguk University, concerning Yale University or Jeong Ah Shin.").) In light of the amount of media attention that the Shin matter garnered in Korea and Dongguk's central role in that matter, it is inconceivable that the few documents Dongguk has produced represent the entirety of Dongguk's communications with the media or internal Dongguk documents

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 7

concerning such communications. Indeed, Yale, which was only tangentially connected to the Shin matter for a short time, has produced more documents concerning communications with media figures than Dongguk, which was involved in the heart of the matter for years.

Please produce all documents and ESI in Dongguk's possession, custody, or control that are responsive to Request for Production 31.

### Missing News Articles

We could not find three documents that you identified in response to Interrogatories 23 and 24 in Dongguk's production. Yale requested such documents. (See Requests for Production 114 ("All documents identified in your response to Interrogatory 23."), 115 ("All documents identified in your response to Interrogatory 24.").)

In your response to Interrogatory 23, you listed a July 13, 2007 Chosun Ilbo article titled "Dongguk University's 'Weird' Faculty Hiring" and an October 4, 2007 Yonhap News article titled "Did Not Verify Academic Degree When Hiring." We could not find these articles in your production. If you have not produced these documents, please produce them now. If you believe that you have produced these documents, please provide their Bates numbers.

In your response to Interrogatory 24, you listed an August 20, 2007 MBC article titled, "[World] (1) Amplifying Suspicions About Shin's Falsified Degrees." We could not find this article in your production. If you have not produced this document, please produce it now. If you believe that you have produced this document, please provide its Bates number.

### Documents Concerning July 2, 2007 News Conference

Dongguk has not produced any internal documents concerning its July 2, 2007 news conference. Yale requested such documents. (See Request for Production 77 ("All documents concerning Dongguk University's July 2, 2007 press conference, including but not limited to any transcript or audio or video recording of the press conference.").) This news conference was widely reported in the Korean media and was obviously of great significance to Dongguk. (See, e.g., DONGGUK0378099-106.)

Please produce all documents and ESI in Dongguk's possession, custody, or control that are responsive to Request for Production 77.

### Shin's Letters of Resignation

Dongguk has not produced Jeong Ah Shin's letters of resignation from 2005 and 2007. When suspicions arose about Shin's fraud in 2005, she submitted her resignation to Dongguk and left it with then-President Ki Sam Hong's secretary. (See, e.g., YALE00001995-2005.) When suspicions arose about Shin's fraud in 2007, she again submitted her resignation to

**DAY PITNEY LLP**

Robert A. Weiner, Esq.
February 25, 2010
Page 8

Dongguk. (See, e.g., DONGGUK0000851.) Yale has requested these documents. (See Requests for Production 18 ("All documents concerning Jeong Ah Shin's resignation from Dongguk University in 2005."), 20 ("All documents concerning Jeong Ah Shin's resignation from Dongguk University in 2007.").) Dongguk has not produced either letter of resignation.

Please produce all documents and ESI in Dongguk's possession, custody, or control that are responsive to Requests for Production 18 and 20.

### Documents Concerning Opinion Polls

Paragraphs 255-257 of Dongguk's proposed Amended Complaint apparently allege the results of an opinion poll. Dongguk has not produced any documents concerning that – or any other – opinion poll. Yale has requested these documents. (See Requests for Production 100-104.) Please produce all documents and ESI in Dongguk's possession, custody, or control that are responsive to Requests for Production 100-104.

### Missing Pages

Apart from all of the documents that Dongguk has failed to produce altogether, many of the documents that you did produce are incomplete because they are missing pages. For example:

- DONGGUK0000075 – The first page of this document is missing. DONGGUK0000074 is a different article, not the beginning of the article that ends at DONGGUK0000075.
- DONGGUK0000579 – This is the second page of a two-page document; the first page is missing.
- DONGGUK0000599 – This is the first page of a two-page document; the second page is missing.
- DONGGUK0001835-36 – Pages 1835 and 1836 are from two different documents; neither is complete.
- DONGGUK0001860 – This is the middle page of a three-page document; the first and third pages are missing.
- DONGGUK0002096-99 – These pages include documents 1, 2, 3, and 6 of 29; documents 4, 5, and 7-29 are missing.
- DONGGUK0277108 – This is a table of contents; the rest of the document is missing.
- DONGGUK0314278-80 – The first page of this document includes a list beginning at item "5"; at least one previous page is missing.
- DONGGUK0314363 – One or more pages is missing before or after the second page of this document.
- DONGGUK0314378 – This page includes a list beginning at item "4"; at least one previous page is missing.

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 9

- DONGGUK0314394 – The end of this document cuts off mid-sentence; at least one subsequent page is missing.
- DONGGUK0314417 – This document is page 2 of 3; pages 1 and 3 are missing.
- DONGGUK0314919-314925 – This document includes several different e-mail chains, all of which are missing pages.
- DONGGUK0363943 – This document appears to be the first page of a larger document, the rest of which is missing.
- DONGGUK0364265-71 – One or more pages appear to be missing between pages 364270 and 364271.

Please produce all missing pages.

### Missing Attachments

Many of the documents that you produced indicate that they have attachments, which are missing from your production. For example:

- DONGGUK0262946 indicates that a letter is attached, but the attachment is missing.
- DONGGUK0274237-38 indicates that there are three attachments, which are missing.
- DONGGUK0313443 indicates that it is attachment 2, but it is not attached to anything.
- DONGGUK0335222 indicates that a document is attached, but the attachment is missing.
- DONGGUK0335225 indicates that a document is attached, but the attachment is missing.
- DONGGUK0336511 indicates that there is an attachment, which is missing.
- DONGGUK0357787 indicates that there are four pages total, but everything except the one-page cover sheet is missing.
- DONGGUK0357788 indicates that there are four pages total, but everything except the one-page cover sheet is missing.
- DONGGUK0357792 indicates that there are seven pages total, but everything except the one-page cover sheet is missing.
- DONGGUK0357836-37 lists attached documents, but the attachments are missing.
- DONGGUK0357872-73 lists attached documents, but the attachments are missing.
- DONGGUK0358154 indicates that there is an attachment, which is missing.
- DONGGUK0358160 indicates that there is an attachment, which is missing.
- DONGGUK0358164 indicates that there is an attachment, which is missing.
- DONGGUK0358379 indicates that there are eight attachments, all of which are missing.
- DONGGUK0358380-81 indicates that there are eight attachments, all but one of which are missing.
- DONGGUK0364199 indicates that there are two attachments, both of which are missing.
- DONGGUK0364206 indicates that there is an attachment, which is missing.

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 10

- DONGGUK0364285-88 indicates that there are five attachments, two of which are missing.
- DONGGUK0364289 indicates that there are four attachments, all of which are missing.
- DONGGUK0364311 indicates that there are four attachments, all of which are missing.
- DONGGUK0364312 indicates that there are six attachments, all of which are missing.
- DONGGUK0364374-78 indicates that there are five attachments, four of which are missing.
- DONGGUK0364379-89 indicates that there are five attachments, one of which is missing.
- DONGGUK0364438-40 indicates that there are three attachments, two of which are missing.
- DONGGUK0364620-25 indicates that there are four attachments, two of which are missing.
- DONGGUK0364683-86 indicates that there are six attachments, four of which are missing.
- DONGGUK0365723-28 indicates that there are five attachments, four of which are missing.
- DONGGUK0366548 indicates that there is an attachment, which is missing.
- DONGGUK0366552-57 indicates that there are two attachments, both of which are missing.
- DONGGUK0366598-605 indicates that there are two attachments, one of which is missing.
- DONGGUK0366606-16 indicates that there is an attachment, which is missing.
- DONGGUK0366635-45 indicates that there are six attachments, three of which are missing.
- DONGGUK0366646-53 indicates that there are three attachments, two of which are missing.
- DONGGUK0366921-22 indicates that there are eight attachments, all of which are missing.
- DONGGUK0367197-201 indicates that there are two attachments, one of which is missing.
- DONGGUK0368160 indicates that there is an attachment, which is missing.
- DONGGUK0374907-08 indicates that an appendix is attached, but the appendix is missing.
- DONGGUK0374909-10 indicates that an appendix is attached, but the appendix is missing.
- DONGGUK0374911 indicates that an appendix is attached, but the appendix is missing.
- DONGGUK0374912 indicates that an appendix is attached, but the appendix is missing.
- DONGGUK0374913 indicates that an appendix is attached, but the appendix is missing.
- DONGGUK0374914 indicates that an appendix is attached, but the appendix is missing.

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 11

- DONGGUK0374915 indicates that an appendix is attached, but the appendix is missing.
- DONGGUK0374916 indicates that an appendix is attached, but the appendix is missing.
- DONGGUK0374919 indicates that an appendix is attached, but the appendix is missing.
- DONGGUK0374922-23 indicates that there is an attachment, which is missing.
- DONGGUK0374924-25 indicates that there are three attachments, all of which are missing.

Please produce all missing attachments.

### Incomprehensible Documents

A number of documents produced by Dongguk are incomprehensible. For example:

- DONGGUK0283547 simply says, "Document could not be printed."
- DONGGUK0367407-93 consists entirely of nonsense.
- DONGGUK0374924 replaces the entire body of the e-mail with nonsense characters.

Please produce these documents in a comprehensible and readable format.

### Documents from which All Substantive Information Was Redacted

We cannot understand your redactions of many documents. In many cases, you have redacted all substantive information from documents, so that it is not apparent what sort of information has been redacted, why it was redacted, or why you produced the document at all. (See, e.g., DONGGUK0298227-39; DONGGUK0303126-717; DONGGUK0306267-336; DONGGUK0306935-7157; DONGGUK0307604-36; DONGGUK0307642-52; DONGGUK0307692-702; DONGGUK0307742-44; DONGGUK0307858-8080; DONGGUK0308238-73; DONGGUK0308401-686; DONGGUK0310414-580; DONGGUK0311126-92; DONGGUK0311487-530; DONGGUK0311544-2563; DONGGUK0367985-88; DONGGUK0368573; DONGGUK0369987-370250; DONGGUK0370432-71.) In addition, many of the documents from which you redacted information state, "Redacted Based on," but it is not clear *what* your redactions were based on.

For all information that you redacted, please identify the type of information that was redacted and why you redacted it.

### Other Redacted Documents

DONGGUK0317096-97 and DONGGUK0317098 are e-mails to and from Ki Sam Hong, with the names of the senders and recipients and part of the subject line redacted. Please produce un-redacted versions of these documents

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 12

DONGGUK0318702-05 presumably pertains to Ki Sam Hong, yet the subject's name is redacted. Please produce an un-redacted version of this document.

### Bates Numbers With No Corresponding Documents

You did not produce any documents with Bates numbers DONGGUK0040990 or DONGGUK0124553. Please confirm that those Bates numbers do not represent documents or pages inadvertently omitted from your production.

### Documents Not Identified by Request Number

As you know, we asked you to identify the Requests for Production to which each of the documents that you produced responded, and you agreed to do so. While nearly all of your purported identifications are inadequate, in many cases you did not even purport to identify which requests the documents responded to at all. (See DONGGUK0315255-57; DONGGUK0315276-77; DONGGUK0315280-81; DONGGUK0315346-53; DONGGUK0316363-505; DONGGUK0316534-36; DONGGUK0316690-867; DONGGUK0316879-7011; DONGGUK0317033-40; DONGGUK0317043-44; DONGGUK0317046-49; DONGGUK0317070-95; DONGGUK0317111-403; DONGGUK0317414-39; DONGGUK0317471-93; DONGGUK0317531; DONGGUK0317614-831; DONGGUK0318284-85; DONGGUK0318405-15; DONGGUK0318431-319184; DONGGUK0319201-335202; DONGGUK0335219-24; DONGGUK0335226-82; DONGGUK0335284-87; DONGGUK0335290-301; DONGGUK0335303-08; DONGGUK0335310-22; DONGGUK0335330-579; DONGGUK0335581-662; DONGGUK0336366-79; DONGGUK0336475-679; DONGGUK0336681-773; DONGGUK0336788-914; DONGGUK0336920-7106; DONGGUK0337113-17; DONGGUK0337120-75; DONGGUK0337215-38; DONGGUK0337246; DONGGUK0337328-96; DONGGUK0337416-33; DONGGUK0337490-92; DONGGUK0337510; DONGGUK0337519-8017; DONGGUK0338034-44; DONGGUK0338078-100; DONGGUK0338108-15; DONGGUK0338136-810; DONGGUK0339035-169; DONGGUK0339176-482; DONGGUK0339498-707; DONGGUK0339746-99; DONGGUK0339875-929; DONGGUK0339932-340205; DONGGUK0340223-37; DONGGUK0340247-49; DONGGUK0340252-58; DONGGUK0340266-599; DONGGUK0340601-1258; DONGGUK0341289-429; DONGGUK0341443-48; DONGGUK0341452-604; DONGGUK0341618-3288; DONGGUK0343291-789; DONGGUK0343806-97; DONGGUK0343906-20; DONGGUK0343923-4014; DONGGUK0344016-804; DONGGUK0344818-24; DONGGUK0344863-92; DONGGUK0344902-12; DONGGUK0344963; DONGGUK0344984-6949; DONGGUK0346951-353504; DONGGUK0353528-4584; DONGGUK0354590-731; DONGGUK0354736-53; DONGGUK0354763-5346; DONGGUK0355348-914; DONGGUK0355916-7209; DONGGUK0357258-76; DONGGUK0357306-527; DONGGUK0357540-46; DONGGUK0357549-642; DONGGUK0357648-712;

# DAY PITNEY LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 13

DONGGUK0357725-26; DONGGUK0357825-38; DONGGUK0357858-74;
DONGGUK0358108-311; DONGGUK0358468; DONGGUK0358491-9577;
DONGGUK0359583-360037; DONGGUK0360054; DONGGUK0360072-2910;
DONGGUK0362919-7794; DONGGUK0367853-934; DONGGUK0367943-45;
DONGGUK0367947-77; DONGGUK0367979-8003; DONGGUK0368008-11;
DONGGUK0368014-76; DONGGUK0368078-178; DONGGUK0368180-316;
DONGGUK0368318-634; DONGGUK0369373-374803.)

     Please identify the Requests for Production to which these documents respond.

## Non-Responsive Documents

     While you have purported to identify the requests for production to which many – but, as discussed above, by no means all – of the documents that you have produced respond, it is apparent that a great many of the documents that you have produced are not responsive to the requests that you identified. For example, you stated that DONGGUK0073953-62 was responsive to 25 different requests for production. (See Letter from Kelley to Fetner of 7/24/09 at 1.) In fact, that document, which describes a 1999 interview for a position at the nursing school, is not responsive to any of those 25 requests, or to any other request. Similarly, you identified the following documents as responsive to Request for Production 20: DONGGUK072849A-84100, DONGGUK084524-85582, DONGGUK086412-86432, DONGGUK0226959-227391, DONGGUK0232774-232979, DONGGUK0258231-260487, and DONGGUK0262806-262809. In fact, none of the identified documents are responsive to Request for Production 20. To be sure, these are merely a few among thousands.

     Many thousands of the documents that you have produced are not responsive to any of Yale's Requests for Production and are not relevant to this lawsuit in any way. In light of the many irrelevant documents that pervade Dongguk's production, it is apparent that Dongguk produced these documents as part of a deliberate strategy to bury Yale with irrelevant documents. The following are merely examples of the many thousands of documents that Dongguk has produced that are not responsive to any of Yale's Requests for Production. (See, e.g., DONGGUK0016847-17289; DONGGUK0024038-24092; DONGGUK0024339-24444;
DONGGUK0034974-37722; DONGGUK0044189-44619; DONGGUK0046227-46268;
DONGGUK0072849A-85582; DONGGUK0234741-250119; DONGGUK0253507-256049;
DONGGUK0259891-260051; DONGGUK0276062-276664; DONGGUK0283386-283390;
DONGGUK0315346-316353; DONGGUK0316690-316867; DONGGUK0316950-317011;
DONGGUK0336442-336470; DONGGUK0336748-336762; DONGGUK0336828-336843;
DONGGUK0344063-344152; DONGGUK0344153-344612; DONGGUK0344613-344631;
DONGGUK0344632-344804; DONGGUK0360072-362910; DONGGUK0362919-364441;

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 14

DONGGUK0365730-365748; DONGGUK0369405-370471.) To be sure, these are merely examples.[1]

Federal Rule of Civil Procedure 34 "prohibits simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought." SEC v. Collins & Aikman Corp., 256 F.R.D. 403, 410 (S.D.N.Y. 2009) (citation and quotation marks omitted). Such discovery abuses are sanctionable. In Rothman v. Emory University, for example, the plaintiff "blatantly (and repeatedly) rebuffed his obligation to sort through the documents and produce only those responsive to [the defendant's] request." Rothman v. Emory Univ., 123 F.3d 446, 455 (7th Cir. 1997). As a result, the District Court sanctioned the plaintiff, and the Court of Appeals affirmed, requiring him to pay the copying expenses and attorneys' fees that the defendant incurred in reviewing the irrelevant documents that he had produced. Id.

If you believe that any of the foregoing documents are responsive to Yale's Requests for Production and are relevant to this lawsuit, please identify the Requests for Production to which you believe each document responds and please explain how each document is relevant to this lawsuit.

---

Unfortunately, even the many issues addressed in this letter do not represent all of the deficiencies in Dongguk's document production. In addition to the particulars discussed above, there are undoubtedly many more documents responsive to Yale's requests that Dongguk has also failed to produce. Because Dongguk has produced so many pages of Korean documents, it is especially difficult for Yale to ensure Dongguk's compliance with the Federal Rules. The fact that we have been able to identify as many deficiencies in Dongguk's document production as we have demonstrates just how blatant and pervasive those deficiencies are. Even more than in the typical case, it is important that Dongguk refrain from producing irrelevant documents and use all appropriate methods to retain, collect, and search for documents and ESI and produce all documents and ESI in its possession, custody, or control that are responsive to Yale's Requests for Production.

---

[1] In addition, well over one hundred thousand pages of documents that you produced relate to various research projects that have no connection whatsoever to this case. (See DONGGUK0086433-0105941, DONGGUK0105943-0223576, DONGGUK0230003-0230138, DONGGUK0234715-0234740, and DONGGUK0260756-0262805.)

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
February 25, 2010
Page 15

Sincerely,

Felix J. Springer

cc:  Ira Grudberg, Esq.
     Audrey Lu, Esq.
     Howard Fetner, Esq.