# EXHIBIT 29

# DAY PITNEY LLP

BOSTON  CONNECTICUT  NEW JERSEY  NEW YORK  WASHINGTON, DC

FELIX J. SPRINGER
Attorney at Law

242 Trumbull Street
Hartford, CT 06103
T: (860) 275 0184 F: (860) 881 2462
fjspringer@daypitney.com

June 8, 2010

**VIA E-MAIL AND REGULAR MAIL**

Robert A. Weiner, Esq.
McDermott, Will & Emery
340 Madison Avenue
New York, NY 10173

    Re:    <u>Dongguk University v. Yale University, No. 3:08-CV-00441 (TLM)</u>

Dear Bob:

    As we discussed at the May 24 conference with Judge Fitzsimmons, I write to explain the process that Yale has used to preserve, search, and collect electronically stored information ("ESI") in the above-referenced case. We believe this explanation is unnecessary in light of the thoroughness of Yale's production of documents and ESI in this litigation, which you have repeatedly acknowledged. Nevertheless, we have agreed to provide it.

    At the outset of the litigation, counsel sent a notice to the following individuals instructing them to preserve documents and ESI relating to the case, to disable any automatic deletion of ESI, and to suspend any regular destruction of documents: Edward Barnaby, Lynne Beauchemin, Peter Brano, Jon Butler, Susan Carney, Nicole Chardiet, Tom Conroy, Donald Filer, Stephen Goot, David Joselit, George Joseph, Helaine Klasky, Linda Lorimer, Michael Madera, Shalentia Moore, James Perrotti, the President's Office (including Richard Levin and Nina Glickson), Gila Reinstein, Pamela Schirmeister, and Steven Sprowson. Similar notices were later sent to Alicia Grendziszewski, Mindy Marks, Thomas Mullen, Cynthia Ostroff, Nancy Sonzoni, and Patricia Zandy. Documents and ESI were also collected from Michael Moore, Dorothy Robinson, and Harold Rose. As the litigation progressed, counsel periodically reminded these individuals of their obligations to preserve documents and ESI relevant to the case.

    Yale preserved all centrally held e-mail for Barnaby, Beauchemin, Brano, Butler, Carney, Chardiet, Conroy, Filer, Glickson, Goot, Grendziszewski, Joselit, Joseph, Klasky, Levin, Lorimer, Madera, Marks, Moore, Mullen, Ostroff, Reinstein, Robinson, Rose, Schirmeister, Sonzoni, and Sprowson. It also preserved centrally held ESI back-ups for all custodians who used the central back-up system: Barnaby, Beauchemin, Carney, Chardiet, Conroy, Filer, Goot,

**DAY PITNEY LLP**

Robert A. Weiner, Esq.
June 8, 2010
Page 2

Grendziszewski, Joselit, Klasky, Lorimer, Moore, Reinstein, Rose, Schirmeister, Sprowson, and Sonzoni. Yale also preserved local ESI back-ups for Glickson and Levin.[1]

The following describes the process used to search and collect each custodian's ESI:[2]

- Edward Barnaby. Reviewed every e-mail message on his hard drive from the relevant time period; provided counsel with all e-mail from September 2005. Mr. Barnaby had no other ESI.

- Lynne Beauchemin. Ms. Beauchemin is a mailroom employee whose only involvement was to help locate paper copies of mail receipt and delivery records.

- Peter Brano. Printed e-mail messages as they arrived; e-mail and other ESI were searched using search terms Dongguk, Korea, Shin, Jeong, Cho, Carney, and Moore.

- Jon Butler. Searched e-mail and other ESI using search terms Korea, Korean, Dongguk, Donguk, Dongukk, and Shin.

- Susan Carney. E-mail and ESI back-up were searched using search terms Dongguk, Shin, Jeong Ah, Jeong-Ah, shindarc@hanmail.net, Guillaume Apollinaire, Catalyst for Primitivism, Youngkyo, President Oh, Myoung, Professor Lee, Mr. Lee, Hyung Taik, Ahn, Euiyon, Cho, Chosun, Donga, Hankook, JoongAng, joins.com, Maeil, mk.co.kr, Munhwa, MBC, Byeon, Yang Kyun, Yang-kyun, Lim, Yong Taek, Yong-Taek, Seoul, Korea, (degree or credential or Ph.D.) and (forge or forgery or fake or falsify or falsification).

- Nicole Chardiet. Saved relevant e-mail messages to a folder as they were sent or received; provided counsel with all e-mail messages in that folder. Ms. Chardiet had no other ESI.

- Tom Conroy. Searched e-mail and other ESI using search terms Dongguk and Shin.

- Donald Filer. Reviewed all e-mail messages in his "Korea," "Inbox," and "Deleted" folders; searched hard drive using search term Dongguk.

- Nina Glickson. Searched a hard drive shared with Richard Levin using search terms Dongguk, Dongguk University, and Korea.

---

[1] Yale's records show that it preserved local ESI back-ups for other custodians as well, but it will not be able to confirm those records until next week.
[2] In addition, each custodian's paper documents were also searched and collected.

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
June 8, 2010
Page 3

- Stephen Goot. Searched e-mail using search terms Shin, Jeong, and Dongguk; reviewed all e-mail received from Susan Emerson. Mr. Goot had no other ESI.

- Alicia Grendziszewski. Searched e-mail and other ESI using search terms Dongguk University, Jeong-ah Shin, and Shin Jeong-ah; provided counsel with all e-mail from September 2005.

- David Joselit. Searched e-mail and other ESI using search terms Shin, Dongguk, Donguk, and Korea.

- George Joseph. Searched e-mail and other ESI using search terms Dongguk and Shin.

- Helaine Klasky. Searched e-mail and other ESI using search terms scandal, Shin, Dongguk, and Korea.

- Richard Levin. Nina Glickson searched a hard drive shared with President Levin using search terms Dongguk, Dongguk University, and Korea.

- Linda Lorimer. Searched e-mail and other ESI using search terms Dongguk, Korea, and Shin.

- Michael Madera. Mr. Madera is a mailroom employee whose only involvement was to help locate paper copies of mail receipt and delivery records.

- Mindy Marks. Was asked to find policies concerning degree and diploma verification, which she found on Yale's website.

- Christine Mehring. E-mail was searched using search terms Dongguk, Shin, Jeong Ah, Jeong-Ah, shindarc@hanmail.net, Guillaume Apollinaire, Catalyst for Primitivism, Youngkyo, President Oh, Myoung, Professor Lee, Mr. Lee, Hyung Taik, Ahn, Euiyon, Cho, Chosun, Donga, Hankook, JoongAng, joins.com, Maeil, mk.co.kr, Munhwa, MBC, Byeon, Yang Kyun, Yang-kyun, Lim, Yong Taek, Yong-Taek, Seoul, Korea, (degree or credential or Ph.D.) and (forge or forgery or fake or falsify or falsification).

- Michael Moore. E-mail was searched using search terms Dongguk, Donguk, Korea, Shin, and Cho. Counsel also reviewed all of Mr. Moore's incoming e-mail from August and September 2007.

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
June 8, 2010
Page 4

- Shalentia Moore. Ms. Moore was a receptionist whose only involvement in this matter was to accept delivery of Dongguk's September 2005 inquiry. She kept no record of that action.

- Thomas Mullen. E-mail and other ESI were searched using search terms Dongguk, Korea, Shin, Jeong, Cho, Carney, and Moore.

- Cynthia Ostroff. Ms. Ostroff located and produced her June 2007 e-mail correspondence with Euiyon Cho.

- Gila Reinstein. Searched e-mail using search terms Dongguk, Korea, and Shin Jeong Ah; reviewed all e-mail by sender to identify messages from Korean individuals or news organizations. Earlier this year, when Dongguk requested examples of confirmation letters that Pamela Schirmeister had provided to Ms. Reinstein, the back-up of Ms. Reinstein's e-mail was restored and counsel reviewed every e-mail message that she received from Pamela Schirmeister, Edward Barnaby, and Alicia Grendziszewski between July 2007 and January 2008.

- Dorothy Robinson. E-mail and other ESI were searched using several variations of the word Dongguk as search terms.

- Harold Rose. Searched e-mail and other ESI using search terms Dongguk, Donguk, Korea, and Shin; reviewed all e-mail for the period October 2007 through January 2008.

- Pamela Schirmeister. Searched e-mail using search terms Dongguk University, Jeong-ah Shin, Shin Jeong-ah, and Euiyon Cho; reviewed all e-mail from July 2007; provided counsel with all e-mail from September 2005. Ms. Schirmeister had no other ESI.

- Nancy Sonzoni. Searched e-mail using search terms Jeong Ah Shin, Jeong, Shin, and Dongguk. Ms. Sonzoni had no other ESI.

- Stephen Sprowson. Searched e-mail using search terms Shin, Jeong, Dongguk, and verification. Mr. Sprowson had no other ESI.

When you raised questions in the summer of 2009 about particular e-mail documents that you said you expected to find in Yale's production and that had not been produced, the following individuals' e-mail was searched again to resolve your questions: Edward Barnaby, Peter Brano, Jon Butler, Susan Carney, Nicole Chardiet, Donald Filer, Nina Glickson, Stephen Goot, Alicia Grendziszewski, George Joseph, Helaine Klasky, Linda Lorimer, Gila Reinstein, Harold Rose, Pamela Schirmeister, and Nancy Sonzoni.

**DAY PITNEY** LLP

Robert A. Weiner, Esq.
June 8, 2010
Page 5

You have repeatedly acknowledged the completeness of Yale's document production, including in our November 23, 2009 telephone conference concerning deposition scheduling and outstanding discovery issues and in your April 27, 2010 letter to Judge Fitzsimmons. Most recently, in your April 27, 2010 letter to Judge Fitzsimmons, you wrote that "both parties have produced virtually all documents that are relevant to the case." Earlier, during our November 23, 2009 telephone conference, I told you that you would only get to depose each Yale witness once, so you best not take the depositions of Pamela Schirmeister, Susan Carney, and Gila Reinstein until all other discovery issues have been resolved. You agreed and said that you had no intention of deposing anyone more than once. You stated that your only outstanding issue regarding Yale's discovery responses was a small number of documents that Yale had withheld as privileged for which you would seek an in camera review. We then scheduled the depositions of Pamela Schirmeister, Susan Carney, and Gila Reinstein, which you completed in January and February of this year.

In light of that history and Yale's extensive and thorough document production, I was surprised when you resurrected long-resolved questions about Yale's document production months later. As you know, it was only after I wrote to you concerning the surprising paucity of e-mail in Dongguk's document production that you changed your position and resurrected these long-resolved issues. Indeed, between November 9, 2009, when we wrote to you in response to a number of questions that you had raised about Yale's document production, and March 9, 2010, you raised no questions or concerns whatsoever concerning Yale's document production. Then, after I responded to your March 9, 2010 letter on March 19, 2010, you once again said nothing at all about Yale's document production until I indicated in our May 18, 2010 telephone conference that we still had questions about Dongguk's document production.

As you have repeatedly acknowledged, Yale's production of paper documents and ESI is complete and has been so for months. In contrast, although Dongguk was involved in the facts surrounding this case far more deeply and for a much longer time than Yale, Dongguk has produced virtually no e-mail other than its e-mail correspondence with Yale. Moreover, Dongguk continues to produce, for the first time, many documents that were requested well over a year ago. Indeed, as recently as April 28, 2010, Dongguk produced years-old documents concerning its articles of incorporation, Board of Directors meeting minutes, Dongguk's internal investigation into Jeong Ah Shin, Ms. Shin's personnel records, Dongguk's proposed disciplinary action against staff members, and Dongguk's application for permission to open a law school. You have not explained why these documents, and the many others that were not produced until very recently (such as Ms. Shin's 2007 letter of resignation and the documents concerning Dongguk's public opinion poll) were not produced much sooner. Nor have you explained what led you to finally produce these documents now, so long after they had been requested.

I trust that this letter resolves, once and for all, your questions about Yale's document production.

**DAY PITNEY LLP**

Robert A. Weiner, Esq.
June 8, 2010
Page 6

Sincerely,

Felix J. Springer  /HF

cc: Ira Grudberg, Esq.
    Audrey Lu, Esq.
    Howard Fetner, Esq.