# EXHIBIT 35

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Robert A. Weiner
Partner
rweiner@mwe.com
+1 212 547 5408

July 7, 2010

**VIA E-MAIL AND REGULAR MAIL**

Felix J. Springer, Esq.
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut  06103

Re:   <u>Dongguk University v. Yale University, Case No. 3:08-CV-0441 (TLM)</u>

Dear Felix:

I write in response to your July 2, 2010 cover letter accompanying your recent production, as well as the production, Bates-stamp numbered YALE00008561 – YALE00008611, itself.

Your letter and production raise substantially more questions, rather than answers any of the concerns Dongguk has raised on countless occasions in the past concerning Yale's ESI production, and most recently raised with the Court in its Motion to Compel.

First, it appears at this juncture that Yale has not run similar searches on back-ups for relevant custodians other than Susan Emerson ("Emerson"). Please confirm whether searches of other back-ups have been run.

Second, I note that your cover letter is fundamentally misleading. While you seem to imply that documents Bates-stamp numbered YALE00008561 – YALE00008610 are all new documents that were recovered as a result of a search of "a backup of former Yale employee Susan Emerson's hard drive," many of the e-mails appear to have been produced before.

Rather, Yale's latest production contains documents from others that are being produced for the very first time despite your continued assurance to me that: (i) Yale has produced all responsive e-mails that it has in its possession, and (ii) any search of back-ups would not be fruitful or productive because they would not contain any data beyond what has already been searched by individual custodians.

For example, the latest production contains a document Bates-stamp numbered YALE00008604-05, which is the July 6, 2007 e-mail sent by Euiyon Cho, a Dongguk administrator, to Pamela Schirmeister ("Schirmeister"). As you may recall, Dongguk first raised

Felix J. Springer
July 7, 2010
Page 2

the non-production of this e-mail in a June 22, 2009 letter from Jean Bae to Howard Fetner. We again raised the issue in an August 6, 2009 letter, and again on September 21, 2009, and again at the October 9, 2009 meet and confer.

The only response you have provided us was that "searches of [Schirmeister's] hard drive and Yale's server revealed no evidence of them." However, the production of this e-mail now can only mean that Schirmeister and/or Christine Mehring ("Mehring"), who Yale claims have run complete searches and provided complete productions, deleted their copies of the e-mail from their hard-drives, and that Yale's server was not searched.

Other examples of Yale's inadequate search are reflected in the production of documents Bates-stamp numbered YALE00008596, YALE00008597, YALE00008598, YALE00008596, and YALE00008601. These are four separate e-mails from a journalist at the Yonhap News Agency, dated between July 4, 2007 and July 9, 2007. Two of the e-mails were sent to Mehring, Timothy Barringer, Emerson, "history.dgs@yale.edu," and Marcy Kaufman. The other two emails were, in addition to the prior individuals, also sent to Schirmeister and Tom Conroy. Despite being clearly relevant to this litigation and despite being sent to several individuals at Yale, these four e-mails from 2007 had never been produced until yesterday.

While it was obvious before, Yale's latest production confirms to us that Yale's plan to rely on each custodian to search and gather his or her own relevant ESI has failed and is blatantly insufficient. Accordingly, we again request that Yale perform a proper search as outlined in the cases in our recent brief in support of our ESI motion.

Sincerely yours,

Robert A. Weiner

cc: Audrey Lu, Esq.
Ira Grudberg, Esq.
Howard Fetner, Esq.

NYK 1324262-1.081817.0011