UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------X
Dongguk University,

                                  Plaintiff,    **SETTLEMENT**
        -against-                              **CONFERENCE ORDER**
                                                    Case No. 08-cv-0441 (TLM)
Yale University,

                                  Defendant
---------------------------------------------------------------X

      A settlement conference in this case will commence on **Thursday, January 13, 2011 at 10:00 a.m.** and will continue on **Friday, January 14, 2011,** in the chambers of Visiting Senior United States District Judge Tucker L. Melançon, Suite 335, United States District Courthouse, Bridgeport, Connecticut.

      The following Order is entered to assist the Court in an objective appraisal and evaluation of the claims asserted in this case, and to ensure that the necessary parties are present for the conference.

A.  PERSONS ATTENDING THE CONFERENCE

      The conference shall be attended by **actual trial counsel** accompanied by counsel's client decision maker or decision makers with complete authority to act on **all** matters related to the case, **specifically, but not limited to, final settlement authority**, without the necessity of having to confer with any other person or entity such as a board of supervisors.  In the event such final authority is not and cannot be vested in one or more individuals because of charter, regulatory or other requirements, and must remain in an entity, such entity and *all* of its members must attend the conference in person **unless otherwise excused by the Court and only if such absence, if permitted by the Court, would not deprive the entity or remaining members of the entity of**

1

**the authority set out hereinabove.** If defendant is being defended by an insurance carrier or carriers and that carrier or carriers will be called upon to contribute to any settlement, the requirements set out in the foregoing sentence apply equally to such carrier or carriers and **must be strictly complied with**. For purposes of this Order, a person or persons from an insurance carrier or carriers with full settlement and other authority as it relates to this case is one with such authority that would not necessitate the making of a telephone call to any other individual or group of individuals to make any decision or to effectuate a full and complete settlement of all claims.

## B. CONFIDENTIAL STATEMENTS

Each party shall deliver a written Confidential Settlement Conference Statement to Judge Melançon on or before **December 1, 2010.** The Statement shall not exceed four (4) pages and shall contain the following:

(a) The name and title(s), if applicable, of the decision maker or decision makers who, in compliance with this Order, will be attending the conference with trial counsel.

(b) <u>Statement of Claims and Defenses</u>: A statement of the liability issues present in the case, including a description of the strongest and weakest positions of the responding party's case, both legal and factual. Plaintiff's attorney's statement is to state with specificity how plaintiff intends to prove, through documentary evidence and testimony, each of plaintiff's claims by a preponderance of the evidence. Defendant's attorney's statement is to state with specificity all defenses that defendant will assert as to each of plaintiff's alleged claims.

(c) <u>Status of Settlement Negotiations</u>: A brief statement of the settlement negotiations to date, including the last settlement offer made by plaintiff, if applicable, and the

        last counteroffer made by defendant, if applicable, and the date(s) thereof. To be included in each party's Confidential Settlement Conference Statement are any "sticking points" that the party perceives to be preventing settlement.

(d)     <u>Quantum</u>: A brief statement of the responding party's position on quantum, including any damages believed, based on discovery or otherwise, to have been sustained, if any, as well as any other legal or factual issues deemed relevant by the responding party.

## C. ATTACHMENTS

Copies of the following documents **shall** be attached to the Confidential Settlement Conference Statement if they exist:

(a)     Economic loss reports;

(b)     Expert reports;

(c)     Any other documents that counsel have a legal basis and good faith belief **will actually** be of benefit to the Court in evaluating the case.

## D. REQUIRED JOINT SUBMITTAL OF THE ATTORNEYS FOR THE PARTIES

The parties **must** make a good faith exchange of offers and engage in meaningful settlement negotiations to the extent possible prior to the conference and be able to present a history of same to the Court–in writing, delivered to Chambers, to the trial judge's attention, marked "Personal, to be Opened by the Trial Judge Only," signed by counsel for both parties–on or before **Thursday, January 6, 2011** (five (5) business days prior to the commencement of the settlement conference on Thursday, January 13**,** 2011).

E.  CONFIDENTIALITY

The contents of the parties' Confidential Settlement Conference Statements, the Required Joint Submittal, and all communications made in connection therewith and in connection with the settlement conference are confidential and are not to be disclosed to **anyone** without an express written order of the Court.  The Statements and any documents submitted pursuant to this Order will be maintained in Chambers and will be destroyed immediately after the conference, whether or not the case settles.

F.  EXTENSIONS OF DEADLINES PREVIOUSLY SET OR THAT MAY, OF NECESSITY, HAVE TO BE SET AFTER THE ISSUANCE OF THIS ORDER

The parties are expected to **strictly** comply with all deadlines set by the United States Magistrate Judge assigned to this case, the Honorable Holly B. Fitzsimmons, and Judge Fitzsimmons is respectfully requested not to extend any existing deadlines or set any future deadlines that would prevent a party or the parties from strictly complying with the deadlines set by this Order unless necessary to prevent a manifest injustice.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

August 5, 2010
Bridgeport, CT