```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DONGGUK UNIVERSITY            :
                              :
V.                            :   CIV. NO.  3:08CV441(TLM)
                              :
YALE UNIVERSITY               :
                              :

### RULING ON PLAINTIFF'S MOTION TO COMPEL [DOC. #110]

Plaintiff Dongguk University filed a Motion to Compel Defendant Yale University to Produce Documents Not Protected by the Attorney-Client privilege [Doc. #110]. Defendant Yale opposed the motion [Doc. #113] and provided to the Court the withheld and redacted documents for the Court's in camera review.

1. Withheld Documents

After a careful in camera review, the Court orders the following documents to be produced[1]: 2, 3, 4, 26-36, 57-60, 85, 86, 91, 92, 144, 183, 214, 275 and 276.

The following documents should be redacted as indicated and then produced:

82, after redacting all of the email that follows, the line on page 1 that reads, "On December 28, 2007, at 10:06PM, Dorothy Robinson wrote."

84, after redacting all of the email that follows the line on page 1 that reads, "On Dec 29, 2007, at 9:24AM, Susan Carney

---

[1] The numbers used correspond to Yale University's Privilege Log of Documents Withheld from Production [Doc. #117-1].

1

wrote."

165, after redacting numbered paragraphs 2 and 3.

259, after redacting the portion between the sentence that reads, "Below is a news story that, aside from its bizarre quality, also contains a reference to a potential source of Shin's Yale material–the reference to the man she claims is an acquaintance and others think is her boyfriend–but whom she reputedly says is a Yale alumnus," and the line that reads, "Best, Jon."

The Court sustains the privilege asserted for the following documents: 7, 101, 103, 106, 157, 166, 176, 182, 194, 196-206, 215, 218, 223, 227, 250, 252, 261, 263, 264, 265, 273, 274, 280, 282, 283, 285, 286, 289, 290, 291, 293, 300, 303 and 306.

2. <u>Redacted Documents</u>

In regards to the documents that have already been produced in a redacted version, the Court orders that the following redacted portions also be disclosed:

In Part A (YALE00006878-81) - On YALE00006879, only the portion beginning with, "At 6:21 PM - 0500 12/31/07, Susan Carney wrote:" and ending with "...for your ease of reference."

In Part D (YALE00007086-7115) - On YALE00007103, only the portion beginning with, "Sent with Treo 650," and ending with "Good strategy?"

Accordingly, Plaintiff's Motion to Compel [Doc. #110] is

**granted in part and denied in part**.  If the parties have any questions regarding the production of documents addressed in this ruling, they are to contact the Court immediately.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 17 day of August 2010.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE