UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONGGUK UNIVERSITY | : | |
| | : | |
| V. | : | CIV. NO.  3:08CV441(TLM) |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| | : | |

**RULING ON PLAINTIFF'S MOTIONS TO COMPEL [DOC. ## 162 and 169]**

Plaintiff Dongguk University ("Dongguk") filed two Motions to Compel in the instant action. The first motion **[Doc. # 162]** seeks to compel Defendant Yale University ("Yale") to comply with certain electronic discovery obligations and to reopen the depositions of Pamela Schirmeister and Gila Reinstein.[1] The second motion **[Doc. # 169]** seeks to compel Yale to provide discovery regarding the "Korean Government Documents" or, alternatively, seeks a protective order to preclude Yale from relying on the Korean Government Documents.

The Court heard oral argument on November 4, 2010 and, after careful consideration, rules as follows.

---

[1] The parties have reported that with respect to the first motion, **[Doc. # 162]**, all issues, with the exception of the depositions of Pamela Schirmeister and Gila Reinstein, have been resolved. Therefore, this court finds the motion to compel compliance with electronic discovery **[Doc. # 162]** moot in all other respects.

1

1.  <u>Background</u>

This action concerns Dongguk's hiring and two-year employment of an art history professor named Jeong Ah Shin, who claimed to have earned a Ph.D. at Yale.  (Compl. ¶¶ 43-57, 66).  Dongguk alleges that, after it hired Shin in 2005 as a "special hiring candidate," it wrote to Yale to verify her Ph.D., and Yale improperly confirmed that Shin had received a Ph.D. from Yale.  (<u>Id.</u> ¶¶ 44, 58-65).  Dongguk further alleges that, when Shin attracted attention from the Korean media in 2007, Yale wrongly told the media that it had not verified her Ph.D. two years earlier.  (<u>Id.</u> ¶¶ 89-97).  Dongguk alleges that Yale's statements to the Korean media "[d]estroyed" Dongguk's reputation, "publicly humiliated and deeply shamed" Dongguk, and caused it $50 million in damages.  (<u>Id.</u> ¶¶ 179, 190, 196, 204).

2.  <u>Standard of Review</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery.  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P.26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

3. Discussion

    a.   Motion # 169: Origin of Korean Documents

The  Korean documents at issue are referred to as the "Shin Documents", as these relate to the criminal investigation and trial of Jeon Ah Shin. Dongguk separates the Shin Documents into three categories: (1) documents seized by the Korean prosecutors from Dongguk University; (2) trial testimony of Mr. Hong in the Shin prosecution, and, (3) documents from the Korean prosecutor's file, in particular witness interview notes and internal memoranda ("prosecutor's file").[2] The parties represent that the motion is moot with regard to the first two categories of documents, leaving only the third category of documents for this Court's consideration.

Dongguk maintains the documents from the prosecutor's files are either not authentic or, if they are, that they were illegally obtained by Yale. Dongguk served interrogatories on Yale, asking Yale to describe how it obtained the Shin Documents, including the prosecutor's file documents. Yale responded asserting a relevance

---

[2] The Court has reviewed the prosecutor's file documents filed under seal. **[Doc. # 202].**

objection, stating that such responses are not reasonably calculated to lead to the discovery of admissible evidence.

In support of its motion, Dongguk submitted the affidavit of Changhee Suh, a Korean attorney familiar with Korean laws governing how to obtain documents from a Korean Court, prosecutor's office or other public official. The affidavit discusses the various avenues through which Yale could have obtained these documents and cites the corresponding Korean legal authority, which in his opinion, would have made that transaction illegal. In response, Yale submitted the affidavit of Dong-Wook Kang, also a Korean attorney and a former Korean judge, concluding that the Shin Documents "could have been obtained by a non-party to the Shin Trial by legal means" and that, "even if one assumes that the Shin Documents were obtained by illegal means, that would not mean that Yale was an accomplice to the illegal act." **[Doc. # 186-12, ¶ 6]**.

Dongguk argues that under the liberal discovery rules, which provide that relevant discovery includes information concerning "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and the location of persons who know of any discoverable matter", it is entitled to answers concerning how Yale obtained the Shin Documents, the prosecutor's file documents in particular. Fed. R. Civ. P. 26(b)(1). Dongguk argues this information is necessary to challenge the authenticity of the prosecutor's file documents and to determine

whether the documents produced by Yale are complete.

Yale counters that the manner of obtaining documents is irrelevant to their admissibility in a civil action, citing <u>Marubeni Amer. Corp. v. Tenneco Resins, Inc.</u>, 1984 U.S. Dist. LEXIS 15493 (S.D.N.Y. June 27, 1984). Yale further submits that it has produced all the Korean documents in its possession.

Dongguk's motion raises two main issues, first, whether the manner in which a document produced was obtained is discoverable, and, second, whether the manner in which a document is obtained is relevant to its admissibility.

Dongguk maintains that its main concern over Yale's possession and possible reliance on the prosecutor's file documents rests on questions of authenticity and completeness. As to the former question, Yale concedes that it does not know how it can authenticate the prosecutor's file documents. When asked at oral argument how Yale plans to authenticate these documents without disclosing where they came from, Yale's counsel candidly stated: "right now I don't know. It may be that [...] we are never able to authenticate these documents". Oral Argument at 11:13:52 a.m., <u>Dongguk University v. Yale University</u>. Further to Dongguk's point, Yale submits that because of its inability to authenticate the documents without disclosing their origin, it wants to obtain these same documents, through the "proper channels in the Korean government [. . .] so there is no question about the completeness

5

of the file there is no question on the origin of the documents." Id. at 11:14:22 a.m.  As to the latter question, Yale states that it has produced all the prosecutor's file documents it received, but that it did not receive the complete file.

Given Dongguk's position that the issue at hand is limited to authentication and completeness, and Yale's response that it cannot authenticate the documents, short of obtaining them through the proper channels, the Court finds that the issues presented to the Court are moot. Yale has conceded that the prosecutor's file documents as they exist today cannot be authenticated, and it is bound by this representation. As the motion is framed, there is nothing further for this the Court to decide.

    b.    <u>Motion # 162: Depositions of Pamela Schirmeister and Gila Reinstein</u>

Plaintiff took the deposition of Pamela Schirmeister and Gila Reinstein on January 28, 2010 and February 4, 2010, respectively. At the time of the deposition, Ms. Schirmeister was the Yale University Associate Dean of the Graduate School and Ms. Reinstein was the former Assistant Director of Public Affairs at Yale University. Dongguk deposed Ms. Schirmeister extensively regarding her knowledge of and/or involvement in the May 27, 2005 Certification Letter and templates used or not used by Yale to address certification or verification inquiries. Similarly, Ms. Reinstein was deposed on her knowledge on the authenticity of the May 27, 2005 Certification Letter and an alleged fax from

6

Schirmeister to Dongguk University dated September 22, 2005. Significantly, Ms. Schirmeister testified at her deposition that to her knowledge there is no template or specific format used by her office to certify or verify a student's degree.

Following the depositions, Yale produced an e-mail dated July 17, 2007 sent by Ms. Schirmeister to Ms. Reinstein stating, in pertinent part, "here are the templates we use to indicate that a student has a degree." Attached to the e-mail were two templates with Dean Schirmeister's signature from 2004.

The Court "must grant leave [to reopen a deposition] to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. Pro. 30(a)(2). Under Rule 26(b)(2), the Court must only prohibit that discovery if the Court finds that the discovery is "unreasonably cumulative," that the requesting party already "had ample opportunity to obtain the information by discovery," or that the burden of the discovery outweighs its cost. Fed. R. Civ. Pro. 26(b)(2)(C) (i)-(iii).

After consideration of the standards set forth in Rule 26(b)(2), the Court finds that they do not apply here, where Yale belatedly produced the e-mail in question, effectively denying Dongguk an opportunity to cover ground with Ms. Schirmeister and Ms. Reinstein regarding this e-mail.

Therefore, the Court **GRANTS** the Motion to Reopen the Deposition of Ms. Schirmeister and Ms. Reinstein subject to the following conditions:

- Each deposition shall be limited to ninety minutes.
- Each deposition shall be limited to the issues implicated by the belatedly produced e-mail Bates Stamped YALE00008557-YALE00008560.

4. <u>Conclusion</u>

Accordingly, Plaintiff's Motion to Compel Discovery regarding the Korean Government Documents **[Doc. # 169]** is **DENIED AS MOOT**, without prejudice to refile if the issue becomes ripe for a decision.  Plaintiff's Motion to Compel Yale to Comply with its Electronic Discovery **[Doc. # 162]** is **GRANTED** on the issue of reopening the deposition of Pamela Schirmeister and Gila Reinsten and **DENIED AS MOOT** in all other respects.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 30th day of December 2010.

                                                 /s/
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE