UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DONGGUK UNIVERSITY,                  :   No. 3:08-CV-00441 (TLM)
                                     :
       Plaintiff,                    :
                                     :
   v.                                :
                                     :
YALE UNIVERSITY,                     :
                                     :
       Defendant.                    :   MAY 5, 2011
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

Defendant Yale University ("Yale") respectfully submits this memorandum of law in support of its motion to compel Plaintiff Dongguk University ("Dongguk") to submit for *in camera* inspection and, ultimately, to produce, complete, non-redacted versions of the documents numbered KIM0000951-54, KIM0000467-69, and KIM0000470-75.

### I.    PRELIMINARY STATEMENT

This motion concerns three documents that Dongguk produced in redacted form from the files of expert witness Elaine Kim: a memorandum from Dongguk's attorneys to Kim and two portions of Kim's handwritten notes.

The 2010 amendment to Federal Rule of Civil Procedure 26 makes the following perfectly clear: when an attorney's communication to an expert witness identifies either facts that the expert considers, or assumptions that the expert relies on, in forming her opinions, the communication must be produced.[1]  Despite the amended Rule's clarity, Dongguk has redacted

---

[1] The parties have agreed that the December 1, 2010 amendment to Rule 26(b)(4) applies to expert discovery in this case.  (See e-mail from Weiner to Fetner et al. of 4/4/11 and e-mail from Fetner to Weiner et al. of 4/4/11 (attached hereto as Ex. A).)

from a memorandum that its attorneys sent to expert witness Elaine Kim precisely the sort of information that the amended Rule declares to be discoverable. Indeed, the memorandum even uses the same language – "facts and assumptions" – as the amended Rule. Although Dongguk has refused to provide a privilege log concerning the memorandum, the memorandum's own subject headings indicate that it should be produced. Accordingly, Dongguk should be compelled to produce the complete, non-redacted memorandum.

Dongguk has also redacted information from two portions of Elaine Kim's handwritten notes, stating only that the notes contain the "mental impressions" of Dongguk's attorneys. Dongguk has refused to provide a privilege log concerning these documents as well. While the 2010 amendment to Rule 26 protects drafts of an expert's report or disclosure and certain communications between attorneys and experts as trial-preparation material, the documents numbered KIM0000467-69 and KIM0000470-75 are not drafts or attorney-expert communications at all. They are, rather, an expert's own notes, about which Rule 26 says nothing. Accordingly, Dongguk should be compelled to produce Kim's complete, non-redacted notes.

## II.    BACKGROUND

Pursuant to the Court's scheduling order, on March 31, 2011, Dongguk disclosed Elaine Kim as an expert witness. (Pl. Dongguk University's Disclosure of Experts (attached hereto as Ex. B).) On April 5, 2011, Yale subpoenaed Kim for a deposition and the production of specified documents, including the following:

> 2.    Your entire file on this case;
>
> . . .
>
> 8.    All documents concerning your communications with any attorney for Dongguk University that: (i) relate to compensation for your study or testimony; (ii) identify facts or data that any attorney for Dongguk University provided and that you considered in

forming the opinions to be expressed; or (iii) identify assumptions that any attorney for Dongguk University provided and that you relied on in forming the opinions to be expressed;

. . .

13.     All notes that you have made in connection with this case.

(Subpoena in a Civil Case of 4/5/11 (attached hereto as Ex. C).)

Dongguk responded to the subpoena on April 19, 2011, producing various documents and objecting generally on the basis of the attorney-client privilege and the attorney work-product doctrine.  (Pl. Dongguk University's Objections and Resps. to Def. Yale University's Subpoena in a Civil Case and Doc. Reqs. to Expert Elaine Kim, Dated April 5, 2011 (attached hereto as Ex. D).)  Among the documents that Dongguk produced in response to the subpoena, three contained redactions: two portions of Elaine Kim's handwritten notes and a memorandum from Dongguk's attorneys to Kim.  (See KIM0000467-69 (attached hereto as Ex. E) at 2; KIM0000470-75 (attached hereto as Ex. F) at 6; KIM0000951-54 (attached hereto as Ex. G).)  The memorandum, dated February 25, 2011, contained the subject line, "*Dongguk v. Yale*: Potential Topics for Expert Report," and its two sections were headed "**GOAL**" and "**BACKGROUND FACTS AND ASSUMPTIONS**."  (KIM0000951-54 (Ex. G) at 1.)

Yale's counsel conferred in good faith with Dongguk's counsel in an effort to obtain the complete, non-redacted versions of KIM0000951-54, KIM0000467-69, and KIM0000470-75 without Court action.  (See May 5, 2011 Aff. of Howard Fetner (attached hereto as Ex. H); e-mail from Fetner to Lu et al. of 5/2/11 and all previous messages (attached hereto as Ex. I); e-mail from Fetner to Lu et al. of 5/3/11 and all previous messages (attached hereto as Ex. J).)  Dongguk's counsel first offered, then refused, to produce a privilege log concerning Kim's documents, and ultimately asserted that all material redacted from the three documents at issue constituted the mental impressions of Dongguk's attorneys.  (E-mail from Fetner to Lu et al. of

5/2/11 and all previous messages (Ex. I).) Yale's counsel explained that the December 1, 2010 amendment to Federal Rule of Civil Procedure 26(b)(4)(C) explicitly states that communications from a party's attorney to an expert witness that identify facts or data that the expert considered in forming her opinions, or assumptions that the expert relied on in forming her opinions, do *not* constitute protected trial-preparation material, and that the amendment says nothing at all about an expert witness's own handwritten notes. (Id.) Despite extensive correspondence, the parties were unable to resolve this dispute.

Yale took Kim's deposition on April 22, 2011.

### III.   ARGUMENT

#### A.   Legal Standard

The December 1, 2010 amendment to Federal Rule of Civil Procedure 26(b)(4) altered the landscape of expert discovery in two principal ways. First, the amendment applied trial-preparation protection to an expert witness's "drafts of any report or disclosure required under Rule 26(a)(2)." Fed. R. Civ. P. 26(b)(4)(B). This subsection is irrelevant to the instant motion because Yale does not seek the production of any drafts of an expert witness's report or disclosure. Second, the amendment applied trial-preparation protection to certain communications between a party's attorney and an expert witness. Fed. R. Civ. P. 26(b)(4)(C). This subsection is relevant to the instant motion only insofar as it makes clear that KIM0000951-54 does *not* constitute protected trial-preparation material.

In creating "trial-preparation protection for communications between a party's attorney and expert witnesses," the amended Rule 26(b)(4)(C) carved out three important exceptions to that protection. The Rule explicitly states that the following communications between a party's attorney and an expert witness are *not* protected: (i) communications that "relate to compensation for the expert's study or testimony"; (ii) communications that "identify facts or

data that the party's attorney provided and that the expert considered in forming the opinions to be expressed;" and (iii) communications that "identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C).

The amended Rule says nothing about an expert witness's notes, which remain discoverable. See Fed. R. Civ. P. 26(b)(4).

### B. Dongguk's Redactions of Elaine Kim's Documents Were Improper.

As to KIM0000951-54, the plain language of Rule 26(b)(4)(C) demonstrates that Dongguk's redactions from that memorandum were improper. First, the memorandum was written by Dongguk's attorneys and provided to an expert witness, Elaine Kim. (See KIM0000951-54 (Ex. G) at 1.) Second, the memorandum's subject line and headings indicate that it provided Kim with the "goal" of her expert report and the "background facts and assumptions" that she would consider in drafting the report. (Id. at 1.) Third, Kim testified in her deposition that she received a complete, non-redacted version of the memorandum and that she accepted all of its "background facts and assumptions" as true.[2] Fourth, Kim obviously considered the memorandum's "facts" and relied on its "assumptions" in forming her opinions, as Dongguk's attorneys provided the memorandum to Kim (February 25, 2011) just a few weeks before she began drafting her report (March 24, 2011). (See KIM0000951-54 (Ex. G) at 1; Revised Invoice (attached hereto as Ex. K).) Dongguk has not contended that Kim did not consider the memorandum's facts or that she did not rely on its assumptions.

---

[2] Yale's counsel has received only the rough draft of the transcript of Kim's deposition. When the final version of the transcript is available, Yale's counsel will provide copies of the relevant pages to the Court.

As discussed above, the December 1, 2010 amendment to Rule 26(b)(4) clearly delineates three categories of communications between a party's attorney and an expert witness to which trial-preparation protection does *not* apply. These include communications that identify "facts" that the attorney provided and that the expert considered in forming her opinions, and communications that identify "assumptions" that the attorney provided and that the expert relied on in forming her opinions. Fed. R. Civ. P. 26(b)(4)(C)(ii), (iii). The material redacted from the Dongguk attorneys' memorandum to Kim epitomizes the exceptions codified in Rule 26(b)(4)(C)(ii) and (iii): the memorandum defines that material as the "goal" of Kim's report and the "facts and assumptions" that Kim accepted as true in drafting her report. (See KIM0000951-54 (Ex. G).) Indeed, it is hard to imagine a document that would fall more squarely within Rule 26(b)(4)(C)(ii) or (iii). See Fed. R. Civ. P. 26(b)(4)(C)(ii), (iii); see also Advisory Committee Note on 2010 Amendment of Subdivision (b)(4) of Rule 26.

The material redacted from the memorandum to Kim is discoverable notwithstanding Dongguk's assertion that the facts and assumptions identified in that document constitute "mental impressions." Rule 26(b)(4)(C) clearly and explicitly states that a communication from a party's attorney to an expert witness that identifies facts that the expert considered or assumptions that the expert relied on does *not* constitute protected trial-preparation material. Fed. R. Civ. P. 26(b)(4)(C)(ii), (iii). "Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." Advisory Committee Note on 2010 Amendment of Subdivision (b)(4) of Rule 26.

The Dongguk attorneys' memorandum to Kim is especially important for the same reason that it is discoverable: it identifies Kim's goal in forming her opinions and drafting her report and the facts and assumptions that she considered in doing so. Since the opinions expressed in Kim's

report are at the very heart of this case – Kim opines that Yale's actions "resulted in significant and concrete material damage to Dongguk's reputation" – it is vitally important that Yale know all facts that Kim considered, and all assumptions upon which she relied, in forming those opinions. Unless a complete, non-redacted version of KIM0000951-54 is produced, Yale's ability to impeach Kim's opinions will be handicapped.

As to KIM0000467-69 and KIM0000470-75, nothing in Rule 26(b)(4) applies trial-preparation protection to an expert witness's notes. The amended Rule 26(b)(4)(B) applies trial-preparation protection to drafts of an expert's report or disclosure, but KIM0000467-69 and KIM0000470-75 are not such drafts, and Dongguk has not even claimed that they are. The amended Rule 26(b)(4)(C) applies trial-preparation protection to certain communications between a party's attorney and an expert witness, but KIM0000467-69 and KIM0000470-75 are not communications at all, and Dongguk has not even claimed that they are. The documents are, rather, Kim's own notes, as she acknowledged in her deposition. Since Rule 26(b)(4)(B) and (C) do not apply trial-preparation protection to an expert witness's notes, KIM0000467-69 and KIM0000470-75 are discoverable notwithstanding Dongguk's assertion that they contain attorneys' "mental impressions."

## IV.  CONCLUSION

For the foregoing reasons, Yale respectfully requests that the Court order Dongguk to submit for *in camera* inspection and, ultimately, to produce, complete, non-redacted versions of the documents numbered KIM0000467-69, KIM0000470-75, and KIM0000951-54.

DEFENDANT YALE UNIVERSITY

By:    /s/ Howard Fetner
Felix J. Springer (#ct05700)
Howard Fetner (#ct26870)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
(860) 275-0100 (phone)
(860) 275-0343 (fax)
fjspringer@daypitney.com
hfetner@daypitney.com

Its attorneys

## **CERTIFICATION**

      I hereby certify that on May 5, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                            /s/ Howard Fetner