UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------ x
DONGGUK UNIVERSITY,                  :
                    Plaintiff,       :   No. 3:08-CV-00441 (TLM)
         v.                          :
YALE UNIVERSITY,                     :
                    Defendant.       :
------------------------------------ x
```

**PLAINTIFF DONGGUK UNIVERSITY'S OBJECTIONS AND RESPONSES TO
DEFENDANT YALE UNIVERSITY'S SUBPOENA IN A CIVIL CASE AND
DOCUMENT REQUESTS TO EXPERT ELAINE KIM, DATED APRIL 5, 2011**

Pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."),

Plaintiff Dongguk University ("Dongguk") hereby provides the following responses and

objections to Defendant Yale University's ("Yale") Subpoena in a Civil Case and Document

Requests ("Requests") to expert Elaine Kim ("Dr. Kim"), dated April 5, 2011 as follows:

**GENERAL OBJECTIONS**

The following general objections and statements apply to each of the particular Requests

propounded by Yale, and are hereby incorporated within each response set forth below, whether

implicitly or expressly:

1.      Dongguk objects to the Requests to the extent Yale seeks production of Bates-

numbered documents identified in Dr. Kim's April 15, 2011 report. All Bates-numbered

documents that Dr. Kim reviewed in connection with her report have been listed in that report,

and Yale has equal access to those documents.

2.    Dongguk objects to the Requests to the extent Yale seeks production of documents filed with the Court or previously served on Yale in this litigation identified in Dr. Kim's April 15, 2011 report. All such documents that Dr. Kim reviewed in connection with her report have been listed in that report, and Yale has equal access to those documents.

3.    Dongguk objects to the Requests to the extent Yale seeks production of publicly available documents identified in Dr. Kim's April 15, 2011 report. All publicly available documents that Dr. Kim reviewed in connection with her report have been listed in that report, and Yale has equal access to those documents.

4.    Dongguk objects to the Requests to the extent Yale seeks the production of documents on topics or issues not relevant to the facts of, legal issues raised by, nor are relevant to the parties' claims or defenses in this litigation. Such documents are not likely to lead to the discovery of admissible evidence and are therefore outside the bounds of discovery under the F.R.C.P.

5.    Dongguk objects to the Requests to the extent that they call for information and/or documents protected by the attorney-client privilege, the work product doctrine, or any other privileges or doctrines of similar effect or are outside the scope of F.R.C.P. 26. If any information and/or documents protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect is inadvertently produced, such production is not intended to be, and shall not operate as, a waiver of any applicable privilege with respect to that information and/or document, or any other information and/or document.

6.    Dongguk objects to the Requests to the extent that they seek to impose obligations different from, or in excess of, those created by the F.R.C.P. and the Local Rules. All responses are made pursuant to, and as limited by, the F.R.C.P. and the Local Rules.

7.    Dongguk objects to the Requests to the extent that: (i) they seek documents that are unreasonably cumulative or duplicative; (ii) they seek documents that may be obtained from

other sources that are more convenient, less burdensome or less expensive; and (iii) compliance with the Requests would be unduly burdensome, overly expensive, annoying or oppressive.

8.     Dongguk objects to the Requests to the extent that they fail to describe the documents requested with reasonable particularity, as required by F.R.C.P. 34.  In objecting and responding to the Requests, Dongguk does not waive any objections as to vagueness, ambiguity, undue burden or invasiveness.

9.     Dongguk objects to the Requests to the extent that they impose an undue burden, or otherwise seek to impose obligations exceeding those required by law.  Consistent with applicable law, Dongguk construes the Requests as requiring a reasonable and diligent search of the files most likely to have responsive documents and/or information about the specific matters at issue.

10.    Dongguk reserves the right to supplement, alter or change these objections and responses to the Requests.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Your current, up-to-date curriculum vitae.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Documents responsive to this Request were appended to Dr. Kim's report.  Accordingly, such documents were already served on Yale and will not be reproduced.

**DOCUMENT REQUEST NO. 2:**

Your entire file on this case.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Dongguk objects to the term "file" because it is vague and ambiguous.  Dongguk objects

to this request to the extent it seeks information protected by the attorney-client privilege and/or

the attorney work product doctrine or is outside of the scope of F.R.C.P. 26.

Subject to, and without waiving, the foregoing general and specific objections, Dongguk

states that all responsive non-privileged documents are being produced.

**DOCUMENT REQUEST NO. 3:**

All documents identifying the scope of your assignment in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Dongguk objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks information that is neither relevant to the parties' claims or defenses in the

action nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information protected by the attorney-client privilege and/or the attorney work product doctrine

or is outside of the scope of F.R.C.P. 26.

Subject to, and without waiving, the foregoing general and specific objections, Dongguk

states that all responsive non-privileged documents are being produced.

**DOCUMENT REQUEST NO. 4:**

All documents concerning your communications with any non-attorney employee or

other representative of Dongguk University.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to, and without waiving, the foregoing general objections, Dongguk states that no

such documents exist.

**DOCUMENT REQUEST NO. 5:**

All documents concerning your communications with TNS Group in connection with this case.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to, and without waiving, the foregoing general objections, Dongguk states that no such documents exist.

**DOCUMENT REQUEST NO. 6:**

All documents concerning your communications with Jack Jacoby in connection with this case.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to, and without waiving, the foregoing general objections, Dongguk states that no such documents exist.

**DOCUMENT REQUEST NO. 7:**

All documents concerning your communications with anyone other than attorneys for Dongguk University in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Dongguk objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the parties' claims or defenses in the action nor reasonably calculated to lead to the discovery of admissible evidence. Dongguk further objects to the term "[a]ll documents" because it may encompass documents that only tangentially concern the subject matter of the request.

Subject to, and without waiving, the foregoing general and specific objections, Dongguk states that no such documents exist.

**DOCUMENT REQUEST NO. 8:**

All documents concerning your communications with any attorney for Dongguk University that: (i) relate to compensation for your study or testimony; (ii) identify facts or data that any attorney for Dongguk University provided and that you considered in forming the opinions to be expressed; or (iii) identify assumptions that any attorney for Dongguk University provided and that you relied on in forming the opinions to be expressed.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Subject to, and without waiving, the foregoing general objections, Dongguk states that all responsive non-privileged documents fit into one of five categories: (1) they are appended to Dr. Kim's report; (2) they are identified in the report by Bates number; (3) they have been previously filed with the Court or served on Yale; (4) they are publicly available documents identified in the report; or (5) they are being produced in response to the subpoena. Documents in category 1 were already served on Yale and will not be reproduced. As identified in the general objections, documents described in categories 2, 3 and 4 above have not been produced as Yale has equal access to those documents.

**DOCUMENT REQUEST NO. 9:**

All documents concerning your fee or compensation agreement in this case, including all records showing your time expended on this case to the date of the deposition, all out-of-pocket expenses, and copies of all bills rendered to the date of the deposition.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Subject to, and without waiving, the foregoing general objections, Dongguk states that all responsive non-privileged documents fit into one of two categories: (1) they are appended to Dr. Kim's report or (2) they are being produced in response to the subpoena.  Documents in category 1 were already served on Yale and will not be reproduced.

**DOCUMENT REQUEST NO. 10:**

All reports given to Dongguk University or any attorney for Dongguk University.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to, and without waiving, the foregoing general objections, Dongguk states a copy of Dr. Kim's report was already served on Yale and will not be reproduced.

**DOCUMENT REQUEST NO. 11:**

All documents or other materials received, supplied, or reviewed in forming your opinions or conclusions in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Dongguk objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information that is neither relevant to the parties' claims or defenses in the action nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Dongguk further objects to the term "[a]ll documents" because it may encompass documents that only tangentially concern the subject matter of the request.

Subject to, and without waiving, the foregoing specific or general objections, Dongguk states that all responsive non-privileged documents fit into one of five categories: (1) they are appended to Dr. Kim's report; (2) they are identified in the report by Bates number; (3)  they

have been previously filed with the Court or served on Yale; (4) they are publicly available documents identified in the report; or (5) they are being produced in response to the subpoena. Documents in category 1 were already served on Yale and will not be reproduced. As identified in the general objections, documents described in categories 2, 3 and 4 above have not been produced as Yale has equal access to those documents.

**DOCUMENT REQUEST NO. 12:**

All documents or other materials that you consulted or used in forming your opinions or conclusions in this case, including but not limited to all articles, studies, or texts upon which you base your opinions.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Dongguk objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information that is neither relevant to the parties' claims or defenses in the action nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Dongguk further objects to the term "[a]ll documents" because it may encompass documents that only tangentially concern the subject matter of the request.

Subject to, and without waiving, the foregoing specific or general objections, Dongguk states that all responsive non-privileged documents fit into one of five categories: (1) they are appended to Dr. Kim's report; (2) they are identified in the report by Bates number; (3) they have been previously filed with the Court or served on Yale; (4) they are publicly available documents identified in the report; or (5) they are being produced in response to the subpoena. Documents in category 1 were already served on Yale and will not be reproduced. As identified

in the general objections, documents described in categories 2, 3 and 4 above have not been produced as Yale has equal access to those documents.

**DOCUMENT REQUEST NO. 13:**

All notes that you have made in connection with this case.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Dongguk objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine or is outside the scope of F.R.C.P. 26.

Subject to, and without waiving, the foregoing general and specific objections, Dongguk states all responsive non-privileged documents are being produced, to the extent they exist.

**DOCUMENT REQUEST NO. 14:**

All computations that you have made in connection with the case.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Subject to, and without waiving, the foregoing general objections, Dongguk states no such documents exist.

**DOCUMENT REQUEST NO. 15:**

A listing of all cases in which you have testified, either at deposition or at trial, within the last four years.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Subject to, and without waiving, the foregoing general objections, Dongguk states that documents responsive to this Request were appended to Dr. Kim's report.  Accordingly, such documents were already served on Yale and will not be reproduced.

**DOCUMENT REQUEST NO. 16:**

All presentations that you have made within the last five years that relate to your opinions in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Dongguk objects to this Request because it is vague and ambiguous to the extent it requests "all presentations" that "relate" to Dr. Kim's opinions in this case.

Dated: April 19, 2011

MCDERMOTT WILL & EMERY LLP

By: _____
    Robert A. Weiner
    Audrey Lu
    340 Madison Avenue
    New York, New York 10173-1922
    (212) 547-5400
    *Attorneys for Plaintiff Dongguk University*

Of Counsel:
Ira Grudberg
Jacobs, Grudberg, Belt, Dow & Katz, P.C.
350 Orange Street
New Haven, Connecticut 06511
(203) 951-3720

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of

**PLAINTIFF DONGGUK UNIVERSITY'S OBJECTIONS AND RESPONSES TO DEFENDANT YALE UNIVERSITY'S SUBPOENA IN A CIVIL CASE AND DOCUMENT REQUESTS TO EXPERT ELAINE KIM, DATED APRIL 5, 2011**

has been served upon all counsel of record identified below on April 19, 2011 via electronic mail as agreed to by the parties.

ATTORNEYS FOR DEFENDANT YALE UNIVERSITY

Felix J. Springer
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
Phone: 860-275-0184
Fax: 860-275-0343
Email: fjspringer@daypitney.com

Howard Fetner
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
Phone: 860-275-0184
Fax: 860-275-0343
Email: hfetner@daypitney.com

Audrey Lu

DM_US 28003347-1.081817.0011

-11-