UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
DONGGUK UNIVERSITY,                 :     No. 3:08-CV-00441 (TLM)
     Plaintiff,                     :
                                    :
v.                                  :
                                    :
YALE UNIVERSITY,                    :
     Defendant.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

DISCOVERY RULING

Defendant Yale University filed a motion to compel plaintiff Dongguk University to produce non-redacted versions of documents bates numbered KIM0000951-954, KIM0000467-69, and KIM0000470-75. [doc. # 223]. The documents at issue derive from the files of plaintiff's expert witness, Elaine Kim. The first two documents, KIM0000467-69 and KIM0000470-75, are Kim's handwritten notes. The third document, KIM0000951-954, is a memo from plaintiff's attorneys, Robert Weiner and Audrey Lu, to Kim titled "Potential Topics for Expert Report." This Court has conducted an *in camera* review of the three documents. After careful consideration, defendant's motion to compel is **GRANTED IN PART AND DENIED IN PART.**

*Discussion*

"Although attorney-expert communications are generally protected by Rule 26(b)(4)(C), the protection does not apply to the extent the lawyer and the expert communicate about matters that fall within three exceptions." Advisory Committee Note on 2010 Amendment of Rule 26(b)(4). These three exceptions concern communications that,

      (i)      relate to compensation for the expert's study or testimony;

      (ii)     identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

      (iii)    identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C).

The Advisory Committee Note on the 2010 Amendment of Rule 26(b)(4)(C), explains that ,

> Rule 26(b)(4)(C) is added to provide work-product protection for attorney-expert communications regardless of the form of the communications, whether oral, written, electronic, or otherwise. The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery. The protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying, including any "preliminary" expert opinions.

With these guiding principles, the Court turns to the documents at issue. As for Kim's hand-written notes, as a general matter, an expert's notes are not protected by 26(b)(4)(B) or (C), as they are neither drafts of an expert report nor communications between the party's attorney and the expert witness. <u>See</u> Advisory Committee Note to the 2010 Amendment of Rule 26(b)(4) ("Rules 26(b)(4)B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule.") However, under the work-product doctrine in Rule 26(b)(3)(B), the court must protect against disclosure the attorney's mental impressions,

conclusions, opinions or legal theories. The Court finds that the redacted notes on KIM0000468 and KIM000475 are not independently protected by the work product privilege.[1] The statements are not "mental impressions, conclusions, opinions, or legal theories of a party's attorney", and as such shall be disclosed to defendant. Fed. R. Civ. P. 26(b)(3)(B).

Next, we turn to the memorandum. The Court finds that the redacted statements on KIM0000951 and KIM0000952 must be disclosed under Rules 26(b)(4)(C)(ii) and (iii). The statements on those two pages are either facts or assumptions, provided by Dongguk's attorney and relied on by Kim in forming her opinion.[2] As such, they are not protected and shall be disclosed to defendant.

The same is not true of the redacted statements on KIM0000953 and KIM0000954. The Court finds that these statements do not fall under any of the three Rule 26(b)(4)(C) exceptions -compensation, facts and assumptions- which require disclosure. As stated in the 2010 Advisory Committee Notes, "the discovery authorized by the exceptions does not extend beyond those specific topics". Therefore, the statements on KIM0000953 and KIM0000954 are protected from disclosure.

Accordingly, defendant's motion to compel is **GRANTED IN PART AND DENIED IN PART.** Plaintiff shall comply with this order in five (5) days. This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory

---

[1] Plaintiff's argument that somehow these redactions constitute communications because they were Kim's notes memorializing a meeting with plaintiff's counsel is not supported by the law and further unavailing, given Kim's inability to recall at her deposition, definitively, when and under what circumstances the notes were taken. [Doc. # 225-1, at 176-183].
[2] Kim testified at her deposition that she accepted all the statements in the memorandum in question as true. [Doc. # 225-1, at 175].

standard of review.   28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.   As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 19th day of May 2011.

                                                                           /s/
                                                    HOLLY B. FITZSIMMONS
                                                    UNITED STATES MAGISTRATE JUDGE