UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------- x
DONGGUK UNIVERSITY,             :    No. 3:08-CV-00441 (TLM)
Plaintiff,                      :
                                :
v.                              :
                                :
YALE UNIVERSITY,                :
Defendant.                      :
------------------------------- x

DISCOVERY RULING

Defendant Yale University submitted a letter brief requesting an *in camera* review of certain documents plaintiff Dongguk University redacted and/or withheld, having asserted the work product protection. The challenged documents, eleven in total[1], concern communications between (1) plaintiff's counsel and employees of Fleishman-Hillard Korea, a public relations firm hired by Dongguk; (2) employees of Fleishman-Hillard Korea and (3) employees of Fleishman-Hillard Korea with representatives of Dongguk University.[2]

The Court has considered the parties' briefs and conducted an *in camera* review of the documents at issue. For the reasons that follow, the Court overrules in part and sustains in part

---

[1] Nine documents are redacted and two are withheld in their entirety.
[2] Opposing Yale's efforts, Dongguk argues that Yale successfully protected from disclosure "its own communications concerning its 2007 media campaigns and public relations strategy." (Pl.'s Letter Br. Apr. 18, 2011 at 2). The Court has revisited those documents and the Court's ruling directed at them. Those documents are distinguishable from the documents now before the Court; and the privilege asserted was the attorney-client privilege. Those documents involved communications between Yale's in-house counsel and employees of Yale concerning legal advice on how to publicly respond to the news of Shin's investigation before the instant lawsuit was filed.

the assertion of the work product protection on the redacted and/or withheld documents reviewed by the Court.

Federal Rule of Civil Procedure 26(b)(3)(A) provides that, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." "The work-product rule shields from disclosure materials prepared "in anticipation of litigation" by a party, or the party's representative, absent a showing of substantial need.   U.S. v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995) (citing Fed.R.Civ.P. 26(b)(3)). "The purpose of the doctrine is to establish a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation." Id. (citing see United States v. Nobles, 422 U.S. 225, 238, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); Hickman v. Taylor, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947) (Jackson, J., concurring) (work product rule intended to insure that one side does not "perform its functions ... on wits borrowed from the adversary"); Restatement of the Law Governing Lawyers, Chap. 5 at 1 (Tent. Draft No. 6 1993) ("the doctrine seeks to preserve a zone of privacy in which a lawyer can work free from intrusion by opposing counsel")).

"[A]s a general matter public relations advice, even if it bears on anticipated litigation, falls outside the ambit of protection of the so-called "work product" doctrine embodied in Rule 26(b)(3), Fed.R.Civ.P."   Calvin Klein Trademark Trust v. Wachner, 198 F.R.D. 53, 55 (S.D.N.Y. 2000). "That is because the purpose of the rule is to provide a zone of privacy for strategizing

about the conduct of litigation itself, not for strategizing about the effects of the litigation on the client's customers, the media, or on the public generally." Id. (citing see United States v. Nobles, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); United States v. Adlman, 68 F.3d 1495, 1501 (2d Cir.1995)). "It does not follow, however, that an otherwise valid assertion of work-product protection is waived with respect to an attorney's own work-product simply because the attorney provides the work-product to a public relations consultant whom he has hired and who maintains the attorney's work-product in confidence." Id. (citing see, e.g., In re Pfizer Inc. Secs. Litig., 1993 WL 561125, *6 (S.D.N.Y. Dec. 23, 1993); Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., 125 F.R.D. 578, 589 (N.D.N.Y. 1989)).

### 1. *Redacted documents*

The Court sustains the assertion of the work product privilege for the following documents: DONGGUK0385554, DONGGUK0385286, DONGGUK0384431, DONGGUK0384406, DONGGUK0384407.

The Court overrules the assertion of the work product privilege for the following documents: DONGGUK0384352, DONGGUK0384655.

The Court sustains in part and overrules in part the assertion of the work product privilege for the following documents, which shall be produced with the following redactions:

- For document DONGGUK385475:
  - redact the clause between "did not make sense because" and "However, With regard to"; and,
  - redact the clause between "Yale's second comment, he believes" and "He advised that Dongguk should hold a press conference to".

- For document DONGGUK0385514:

    o   redact the clause before "We suggest that Dongguk respond".

2. ***Withheld documents***

As to the two withheld documents, Dongguk shall produce both with the following redactions:

- With regard to the first document, an e-mail from Andrew Lee to B. Kim, dated November 2, 2009, plaintiff may redact:

    o   in numbered point "1.", the clause between "that the contents of the past settlement discussion," and "was mentioned again during the press conference"; and,

    o   in numbered point "2.", the sentence between "2." and "The CBS interview partly addresses".

- With regard to the second document, conference call minutes dated November 3, 2009, plaintiff may redact:

    o   the sentence after "Yale's e-mails regarding its internal suspicion.";

    o   the sentence between bullet point "iv." and "Fleishman Hillard plans to invite Korean correspondents of foreign media companies";

    o   the sentence between bullet point "v." and "Discussion regarding various formats of the interview";

    o   the end clause in bullet point "vi." after "by New Haven Register to [Korean] journalists";

- the sentence in bullet point "ii." between "TV show of such a nature gets involved)" and "Fleishman Hillard agrees that it is a good idea and notes that it";
- the first two bullet points and their subsections between "II. PR Activities in the U.S." and "Lanny Davis's plan to follow up with his Yale Daily op-ed"; and,
- the first bullet point and its subsections between "III. Subsequent Steps in Litigation" and "Depositions are scheduled in early December".

The Court finds that these statements, which the Court has directed plaintiff to disclose, do not fall within the zone of privacy which permits an attorney to strategize about the conduct of litigation. Rather, these statements, while referencing the instant litigation, go to the issue of using the media to present Dongguk's perspective.

Accordingly, defendant's motion to compel is **GRANTED IN PART AND DENIED IN PART**. This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 19th day of May 2011.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE