UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x
DONGGUK UNIVERSITY,            :      No. 3:08-CV-00441 (TLM)
        Plaintiff,             :
                              :
v.                            :
                              :
YALE UNIVERSITY,              :
        Defendant.            :
- - - - - - - - - - - - - - - x


DISCOVERY RULING

    Defendant Yale University submitted a letter brief, dated May 26, 2011, requesting an *in camera* review of one document redacted by plaintiff Dongguk University under the work product protection. The document at issue, bates stamped JACOBY0000148-149, consists of two pages of handwritten notes by Dongguk's expert witness, Jacob Jacoby. The redaction consists of three lines of notes memorializing a conclusion articulated by plaintiff's counsel about a survey performed by a nontestifying consultant. After considering the parties' arguments[1] and conducting *in camera* review of the redaction at issue, the Court sustains plaintiff's assertion of the work product protection

    Federal Rule of Civil Procedure 26(b)(3)(A) provides that,

    [o]rdinarily, a party may not discover documents and
    tangible things that are prepared in anticipation of
    litigation or for trial by or for another party or its
    representative (including the other party's attorney,
    consultant, surety, indemnitor, insurer, or agent).


    "The work-product rule shields from disclosure materials

---

[1] Telephonic Oral Argument was held on June 20, 2011.

prepared "in anticipation of litigation" by a party, or the party's representative, absent a showing of substantial need. U.S. v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995) (citing Fed.R.Civ.P. 26(b)(3)). "The purpose of the doctrine is to establish a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation." Id. (citing United States v. Nobles, 422 U.S. 225, 238, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); Hickman v. Taylor, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947) (Jackson, J., concurring) (work product rule intended to insure that one side does not "perform its functions ... on wits borrowed from the adversary"); Restatement of the Law Governing Lawyers, Chap. 5 at 1 (Tent. Draft No. 6 1993) ("the doctrine seeks to preserve a zone of privacy in which a lawyer can work free from intrusion by opposing counsel")).

The redactions capture a conclusion by plaintiff's counsel with respect to a litigation strategy. While, as defendant argues, as a general matter, an expert's notes are not protected by Rules 26(b)(4)(B) or (C), certainly work product in documents prepared by or for a party or party's representative may be protected from disclosure pursuant to Rule 26(b)(3)(A). See 6

Moore's Federal Practice, § 26.70[4] (Matthew Bender 3d ed.)(citing <u>United States v. Nobles</u>, 422 U.S. 225, 238-239 (1975) (work product doctrine protects material prepared by attorney or attorney's agent)). Accordingly, the Court finds that the redactions at issue constitute attorney work product and sustains the assertion of the work product protection.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 8TH day of July 2011.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE