# EXHIBIT E

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

FELIX J. SPRINGER
Attorney at Law

242 Trumbull Street
Hartford, CT 06103
T: (860) 275 0184  F: (860) 881 2462
fjspringer@daypitney.com

July 1, 2011

**VIA E-MAIL AND OVERNIGHT DELIVERY**

Hon. Holly B. Fitzsimmons
United States Magistrate Judge
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

Dear Judge Fitzsimmons:

Understandably worried about Itamar Simonson's complete evisceration of Dongguk's proffered survey expert, Robert Weiner has resorted to entirely baseless defamation of Dr. Simonson's sterling reputation. This desperate ploy should not be countenanced. Mr. Weiner's outrageous attacks, including his baseless accusations that Dr. Simonson "cherry-picked" and "systematically destroyed" documents, do not deserve the dignity of a particularized response, and they will not receive one. It suffices to say that all of those attacks are not only false, but entirely baseless.

In reality, Dr. Simonson stands at the pinnacle of his profession, and his reputation is beyond reproach, both in the academic community and in the legal community. Even Dongguk's own expert, Jacob Jacoby, has testified that he knows Dr. Simonson well, he thinks he's "terrific," and when Jacoby is conflicted out of a case, Dr. Simonson "is usually the first name that I would recommend." (See WG Sec. Prods., Inc. v. Tyco Int'l, Ltd., Tr. of Jacoby Dep. at 124-25 (enclosed as Ex. A).) Courts that have reviewed Dr. Simonson's work have heaped similar praise upon him. See, e.g., Kargo Global Inc. v. Advance Magazine Publishers, Inc., No. 06 Civ. 550, 2007 U.S. Dist. LEXIS 57320, at *28 (S.D.N.Y. Aug. 6, 2007) (praising Dr. Simonson's "unassailable common sense"); Louis Vuitton Malletier v. Dooney & Bourke, Inc., 525 F. Supp. 2d 558, 626 n.210 (S.D.N.Y. 2007) ("Simonson is eminently qualified to analyze survey techniques").

In addition to hurling baseless calumnies in order to prejudice the Court against Dr. Simonson, Mr. Weiner claims, based on nothing but sheer speculation, that Dr. Simonson is withholding documents in response to Dongguk's subpoena. In fact, Dongguk has no information whatsoever that Dr. Simonson has done anything other than comply in full with his discovery obligations. Based on this house of cards, Mr. Weiner seeks to impose extraordinary measures on Dr. Simonson illegitimately to expand the "1 day of 7 hours" that the Federal Rules

**DAY PITNEY** LLP

Hon. Holly B. Fitzsimmons
July 1, 2011
Page 2

permit for Dr. Simonson's deposition. See Fed. R. Civ. P. 30(d)(1). Dongguk obviously has no evidence whatsoever to support Mr. Weiner's accusations. If it obtains such evidence at Dr. Simonson's July 14 deposition, it should follow the usual procedure and file a proper motion after that time, citing legal and evidentiary support.

Finally, the Court should not order Dr. Simonson to obtain documents from third parties, a remedy unlike any of which we have ever heard. Essentially, Mr. Weiner is trying to shift Dongguk's discovery burdens onto Dr. Simonson, while implicitly acknowledging the completeness of Dr. Simonson's document production. Dongguk is fully aware of the cases in which Dr. Simonson has been involved in the last four years. If Dongguk wishes to obtain documents from the attorneys or parties in those cases, it may do so, but that is its obligation, not Dr. Simonson's. That is "[t]he obvious purpose of providing lists of prior cases," which Dr. Simonson has provided, and why the Federal Rules *do not* require expert witnesses to produce their prior testimony or reports. See, e.g., Cartier, Inc. v. Four Star Jewelry Creations, Inc., No. 01 Civ. 11295, 2003 U.S. Dist. LEXIS 16887, at *4-10 (S.D.N.Y. Sept. 26, 2003) (enclosed as Ex. B). If Dongguk wishes to show cause why this Court should make an extraordinary ruling requiring Dr. Simonson to obtain documents from third parties, it should follow the usual procedure and file a proper motion citing legal and evidentiary support, and it should do so immediately, so as not to disturb the Court's carefully determined schedule.

Very truly yours,

Felix J. Springer

Enclosures

cc: Robert A. Weiner, Esq.
Audrey Lu, Esq.
Ira Grudberg, Esq.
Howard Fetner, Esq.