# EXHIBIT F


# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

FELIX J. SPRINGER
Attorney at Law

242 Trumbull Street
Hartford, CT 06103
T: (860) 275 0184 F: (860) 881 2462
fjspringer@daypitney.com

July 18, 2011

**VIA E-MAIL AND OVERNIGHT DELIVERY**

Hon. Holly B. Fitzsimmons
United States Magistrate Judge
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

Re:   Dongguk University v. Yale University, No. 3:08-CV-00441 (TLM)

Dear Judge Fitzsimmons:

I am all too well aware of this Court's admonition that silence is not necessarily acquiescence. Nonetheless, the nature of Robert Weiner's continued attacks on Itamar Simonson requires a response.

As I explained in my July 1, 2011 letter to the Court, Mr. Weiner's accusations aimed at Dr. Simonson are not only false, but entirely baseless. Unfortunately, Mr. Weiner continues to make such baseless accusations, and he misrepresents the facts in order to do so.

This time, in his letter to the Court of July 13, 2011, Mr. Weiner falsely accuses Dr. Simonson of applying a "heads I win, tails you lose" approach and being "inconsistent and contradictory in his criticisms of other experts' surveys." The supposed basis for these accusations is Mr. Weiner's assertion that Dr. Simonson criticized Jacob Jacoby in the *Del Monte* case for not defining terms, while "[i]n the present case, Dr. Jacoby is criticized for defining terms." A copy of Dr. Simonson's report in the instant case is enclosed. The Court will search that report in vain for a criticism that Dr. Jacoby "defin[ed] terms." (Not having seen Dr. Simonson's unredacted report from the *Del Monte* case, I cannot know if Mr. Weiner's characterization of that report is accurate.)

It is significant that, despite having obtained many of Dr. Simonson's expert reports, affidavits, declarations, and transcripts from other cases, Mr. Weiner needs to misrepresent the record in order to criticize Dr. Simonson. Dr. Simonson's actual criticisms of Dr. Jacoby's work in the instant case include the following:

**DAY PITNEY** LLP

Hon. Holly B. Fitzsimmons
July 18, 2011
Page 2

- Dr. Jacoby's survey did not even test the key allegation of Dongguk's Complaint, which Dr. Jacoby inexplicably adopted as his conclusion as if the survey had proven it. (Simonson Report ¶¶ 12, 43-47.) Despite Dr. Jacoby's conclusion that Yale's actions caused harm to Dongguk's reputation, Dr. Jacoby admitted that his survey asked no questions about Yale's actions or about the cause of any harm to Dongguk's reputation. (Id.)

- Dr. Jacoby's survey consisted primarily of biased and leading closed-ended questions, and it included no open-ended questions. (Simonson Report ¶¶ 13.a., 13.b., 48-61.)

- Dr. Jacoby's proffered reasons for violating survey standards – that the survey was conducted in Korean and in Korea – are non sequiturs. (Simonson Report ¶¶ 13.c., 50-52.)

- Dr. Jacoby's survey did not include proper filter questions. (Simonson Report ¶¶ 13.d., 62-63.)

- Dr. Jacoby's survey asked respondents where they had obtained information more than a year earlier and how that information had influenced their beliefs, which people are highly unlikely to know. (Simonson Report ¶ 64.)

- Dr. Jacoby's survey did not include any controls, which would have been necessary for reaching any causal conclusions. (Simonson Report ¶¶ 13.d., 65-68.)

- Dr. Jacoby's survey completely ignored other causes that had the potential to negatively affect Dongguk's reputation, such as the key components of the Shin scandal. (Simonson Report ¶¶ 13.e., 69-72.)

- Dr. Jacoby's survey was not validated. (Simonson Report ¶ 73.)

- Dr. Jacoby improperly identified certain respondents as "particularly important." (Simonson Report ¶ 74.)

- Dr. Jacoby's survey followed a pattern of errors, miscommunication, and misreporting. (Simonson Report ¶ 75.)

- The results of Dr. Jacoby's survey were logically inconsistent. (Simonson Report ¶ 76.)

- Dr. Jacoby made no effort to determine whether the participants in his survey were aware of the litigation between Dongguk and Yale. (Simonson Report ¶ 77.)

**DAY PITNEY** LLP

Hon. Holly B. Fitzsimmons
July 18, 2011
Page 3

- Dongguk's own data demonstrate that the reported results of Dr. Jacoby's survey do not represent what happened in reality. (Simonson Report ¶¶ 14, 78-83.) Dr. Jacoby testified that, if his survey's results were correct, Dongguk's grants, donations, and student applications would have decreased in 2008. (Id.) In reality, those numbers all increased in 2008, and reached apparent all-time highs in that year. (Id.)

- Dr. Jacoby's report creates a false impression of the media coverage of the Shin scandal. (Simonson Report ¶¶ 84-86.)

In light of Dr. Simonson's devastating critique of Dr. Jacoby's survey and report, it is not surprising that Mr. Weiner is flailing wildly for any basis to criticize Dr. Simonson. I cannot allow Mr. Weiner's baseless accusations to continue without a clear and explicit refutation.

Very truly yours,

Felix J. Springer

Enclosure

cc:  Robert A. Weiner, Esq. (via e-mail)
     Audrey Lu, Esq. (via e-mail)
     Ira Grudberg, Esq. (via e-mail)
     Howard Fetner, Esq. (via e-mail)
     Bruce Keller, Esq. (via e-mail)
     Michael Potenza, Esq. (via e-mail)