UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------X
Dongguk University,

                              Plaintiff,

      -against-                               Case No. 08-cv-0441 (TLM)

Yale University,

                              Defendant
---------------------------------------------------------------X

## ORDER VACATING AND SETTING ASIDE RULING

There is an ancient maxim, "haste makes waste."

Shortly after conducting a telephone status conference with the attorneys for the parties on March 26, 2012 [Rec. Doc. 338], the Court issued a one-page ruling [Rec. Doc. 339] on defendant Yale University's Motion for Reconsideration of the Court's February 10, 2012 Ruling on defendant's Motion for Summary Judgment [Rec. Doc. 329]. The March 26, 2012 ruling stated, *inter alia*, that in due course the Court would issue written reasons for its Ruling on the motion.

In drafting its written reasons for the March 26, 2012 Ruling and reviewing what the Court perceives to be controlling jurisprudence, some cited by the attorneys for the parties, some not, which requires closer scrutiny, the presiding Judge is left with the definite and firm view that the Court's March 26, 2012 Ruling on defendant's Motion for Reconsideration must be vacated. It is therefore

**ORDERED** that the Court's Ruling on defendant's Motion for Reconsideration dated and entered March 26, 2012 [Rec. Doc. 339] is VACATED and SET ASIDE. It is further

**ORDERED** that the attorneys for the parties are relieved from any further obligation to

1

submit joint jury instructions and joint jury interrogatories based on the Court's March 27, 2012 order [Rec. Doc. 440].  It is further

**ORDERED** that within three (3) days of the date of the entry of this order or no later than Thursday, April 5, 2012 the attorneys for the parties are to each submit a memorandum of no more than three (3) pages setting forth their respective positions as to what evidentiary standard of proof is applicable to the issue of which agent(s) and/or employee(s) of an institutional entity are "responsible" for an allegedly defamatory publication.  It is further

**ORDERED** that within ten (10) days of the date of the entry of this order or no later than April 12, 2012 the attorneys for the parties are to each submit a memorandum of no more than ten (10) pages setting forth their respective positions as to which of plaintiff's claims, if any, would survive a finding by the Court that as a matter of law there is insufficient evidence in the record to establish actual malice with the convincing clarity that constitutional standards demand to sustain a jury verdict in plaintiff's favor.  It is further

**ORDERED** that within fifteen (15) days of the date of the entry of this order or by no later than April 17, 2012 the attorneys for the parties may each file a reply memorandum of no more than five (5) pages, if any there be, to the party-opponent's memorandum called for in the preceding paragraph.  Given the proximity of the trial, no request for an extension of any deadline set by this order will be looked upon favorably nor will same be granted short of a force majeure. It is further

**ORDERED** that the Court will conduct an on the record hearing on April 25, 2012 commencing at 11:00 a.m., and continuing through April 26, 2012 if necessary, on the issue of which if any of plaintiff's claims would survive a finding by the Court that as a matter of law the record does not support a reasonable jury finding by clear and convincing evidence that the defendant,

through its agents and/or employees, acted with the requisite malice to impose institutional liability. It is further

**ORDERED** that at the April 25, 2012 hearing, the attorneys should be in a position to discuss all documents that were in the record and available to the Court prior to issuing its February 10, 2012 Ruling [Rec. Doc. 329] in the event the Court concludes that such a discussion would be beneficial. It is further

**ORDERED** that in the event the parties are able to reach an amicable resolution of this proceeding that would obviate the necessity of the Court conducting the April 25, 2012 hearing, the attorneys for the parties have the *joint and mutual* obligation to immediately notify the Court through its law clerk.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

April 2, 2012
Bridgeport, CT